The opinion of the Court was delivered by
Parsons, C. J.
If the Court of Common Pleas did wrong, and refused to receive a regular plea in abatement, when filed seasona bly, we are satisfied that such plea ought to be received in this Court, notwithstanding the defendant has pleaded to the action ; for without further proceeding below, he could not have a judgment there entered, from which he might appeal, and at this Court have the orders and decisions of the court below revised and corrected. The question, therefore, is, whether the Common Pleas did or did not right in refusing to receive this plea.
By the statute of 1782, c. 11, the Common Pleas for any county-had jurisdiction of any civil action, of the value of forty shillings, arising or happening within their county, and triable by the common or statute law. Consequently it had cognizance of all transitory actions brought before it by writ sued out and returnable to that court; for such action necessarily arose within their county. And no power was given to the Court to change the venue to the county where the cause of action happened.
[ *593 ] *But, to prevent vexation to defendants, in being wantonly sued in remote counties, the 13th section of the statute of 1784, c. 28, provides that transitory actions, when the plaintiff lives within the state, shall be sued in the county where either he or the defendant lives. And if such action be sued in another county, the writ shall be abated, and the defendant allowed his double costs. This remedy was given to the defendant. He may consequently waive it; and he must be considered as waiving it, unless he seek it by plea in abatement to the writ. For the exception is not to the jurisdiction of the Court of Common Pleas, which has conusance of all transitory actions above the value prescribed in the statute, (2) but is to the writ, as sued out and returned in a wrong county.
The plea in this case sufficiently brings the defendant within the said 13th section of the statute. But it is a plea in abatement to the writ; and by the 6th section of the first-cited statute, it is *521 enacted that all pleas in abatement to the writ shall be made, signed and filed in the Common Pleas, before the jury is empannelled But this plea was not filed before the jury was empannelled; and the Common Pleas did right in rejecting it. It cannot, therefore, be received in this Court.
Ward for the plaintiff.
Dana and Heald for the defendant, (a)

 By the statute of 1783, c. 42, § 8, the Common Pleas have not original jurisdic* tian in any civil action, when the damage demanded does not exceed four j)oundi% except actions wherein the title to real estate may be concerned.