The opinion of the Court was read as drawn up by
Parker C. J.
The motion to dismiss the action for the causes therein set forth cannot be sustained, because the facts alleged are traversable, and the Court has not the means of trying them in this form. Nothing on the face of the record shows any ground for dismissing the action. But the subject matter of the motion is sufficient to sustain a plea in abatement. So that the question is, whether the plea which was tendered at the Court of Common Pleas ought to have been received.
We are not apprized by the record, of the ground on which the plea was rejected, but presume it must have been, that it was not seasonably tendered according to the rule of that court, which requires that pleas in abatement and de *94 murrers to declarations shall be filed within the four first days of the term to which the writ is returnable. It appears by the record, that the plea in this case was tendered on the first day of the second term of the court after the action was entered, and it appears further, that at the first term, on sug gestión that the defendant was out of the commonwealth at the time of the service of the writ and the entry of the action, a continuance was ordered, agreeably to the requisitions of the statute (of 1797, c. 50, § 5,) [see Revised Stat. c. 92, § 3,] in such case provided. The legal effect of a continuance, thus rendered necessary, must have been involved in the question before the Court of Common Pleas on this plea in abatement, and it must have been decided that the rule relating to the filing such pleas was not complied with, because it was not offered to be filed within the four first days of the term to which the writ was returned.
In thus deciding we think the Court of Common Pleas erred, this case not being within the rule. It is, we admit, within the letter of the rule, but not within its spirit and meaning ; for it never could have been the intention of the court to require a party to file his plea before he had notice of the suit: and if the rule could be so construed, we should very much doubt its validity. The court is authorized to make rules not inconsistent with the laws of the commonwealth ; but to deprive a man of an opportunity of making his defence, without any loches on his part, is repugnant to the principles of law and justice, and contrary to the statute above cited. The court in fact had no authority to do any thing the first term, but to continue the action; and file very fact upon which the continuance became necessary, namely, that the defendant was out of the commonwealth and so was presumed to have had no notice of the suit, draws after it the inference, that no plea whatever could be filed or received under such circumstances. Is then a party whose interests the legislature has so far taken care of as to prohibit the court from any proceedings against him, to be deprived, when he shall come m, of any means of defence which the laws have secured to all other defendants ? We can perceive no reason for the distinction It is said that pleas in abatement are not M be *95 favored ; neither are they to be disfavored, for it may be that some fact essential to the rights of the defendant can be tried only under such a plea. They are not always mere dilatory pleas j but the decision of the Court of Common Pleas goes to the rejection of all pleas in abatement under like circumstances : for we are not aware that that court, or this, have a discretion to distinguish between such pleas as may be meritorious, and such as may be intended only for delay.
The case of Martin v. Commonwealth, cited in the argument, only shows that a plea in abatement cannot be filed after a general imparlance ; which is not denied to be law. But this case stands on the footing of a special imparlance, saving all the rights of the party, because it was continued, not on the motion of the party, but by direction of law. But for the rule of the Court of Common Pleas, it would be clear that the defendant was not too late with his plea. It was filed the first term and the first day of the term after he had notice of the suit, and as we think the rule of the Court of Common Pleas is not applicable to a case like this, it follows that the plea ought to have been received. In thus construing the rule, we adopt no new rule of construction ; we only adhere to the spirit and meaning of the rule, instead of giving it a literal construction.[1]
But it is said that the motion to file the plea in abatement cannot be sustained by this Court, 1. because the Court of Common Pleas are final and conclusive judges of the construction and legal effect of their own rules. But this we cannot yield to. Their decision upon such questions is mat ter of law, and like all other questions of law, subject to revision by this Court, if the case be properly brought be fore them. 2. It is said that the defendant should have appealed from the order by which his plea was rejected, and having pleaded over to the merits, he has waived his plea in abatement. But the rejection of the plea was not a final disposition of the cause, and no orders or judgments of that court can be appealed from, unless they are of a nature to determine the cause. Tappan v. Bruen, 5 Mass. R. 193 *96 And that the Court have jurisdiction of such questions on appeal from the judgment on the merits, is settled by the case of Cleveland v. Welsh, 4 Mass. R. 591.
Another objection made at the bar is, that by virtue of St. 1820, c. 79, § 5, [see Revised Stat. c. 82, § 12,] objections to any order or interlocutory judgment of the Court of Common Pleas may and ought to be taken in the form of exceptions,[1] as therein provided, and that they cannot be received in the form in which this case comes before us. But we are satisfied that so far as relates to the necessity of proceeding in that form, the statute has relation only to those causes in which there is no appeal from the Court of Common Pleas,[2] and that in all cases which come regularly by appeal to this Court, we have the right to revise and correct any proceedings in that court, when the defect. appears of record.
We think, therefore, that as the defendant was deprived of the benefit of his plea in abatement by the order and decision of the Court of Common Pleas, he may file the same plea here, and that the plaintiff is bound to answer it.

 See Howe’s Fract. 395; Robbins v. Hill, 12 Pick. 570.

 See Piper v. Willard, 6 Pick. 461.

 Where a party having a right of appeal chooses to waive his appeal, and will rest his cause solely on the matter of law decided against him, it seems, he may remove his cause into the Supreme Court by alleging exceptions. Purple v. Clark, 5 Pick. 208; Putnam v. Churchill, 4 Mass. R. 516. But see Piper v. Willard, 10 Pick. 34; Champion v. Brooks, 9 Mass. R. (Rand’s ed.) 229, n. (a); Smith v. Rice, 11 Mass. R. 512; Skipwith v. Hill, 2 Mass R. (Rand’s ed.) 36, n. (a).