## HENRY P. AMES *versus* DANIEL L. WINSOR.

Under *St.* 1790, *c.* 50, § 1, if the property of a person having his domicil or usual place of abode in this Commonwealth, be attached, the summons must be either delivered to him, or left at such domicil or usual place of abode, and it is not sufficient to leave it at any other place.

A defendant does not waive any exception to the sufficiency of the service of the writ, by appearing in court for the special purpose of making such exception.

So, where the defendant, upon the entry of the action in the Court of Common Pleas, moved that court to dismiss it, on the ground that the writ was not duly served, and this motion was overruled, and the defendant thereupon joined in the common demurrer, and the action was thereupon entered in this Court, it was *held*, that the defendant had not thereby waived his exception to the legality of the service.

TRESPASS. The defendant was described in the writ as of Duxbury, but then commorant in Boston. The officer's return on the writ was dated on January 16th, 1836, and set forth, that he had attached property of the defendant, and had left a summons " for him at his last and usual place of abode known to me in this city."

On the second day of the April term 1836 of the Court of Common Pleas, the defendant, by his counsel, appeared and moved the court to dismiss the action, on the ground that there had not been a sufficient and legal service of the writ upon him, it being stated in the motion, that he appeared for that purpose solely.

This motion was overruled, and the action was thereupon demurred, and entered in this Court at the November term next ensuing. On the first day of the term, the defendant moved the Court to dismiss the action, because there had been no legal service of the writ, and because the Common Pleas overruled the same motion when made in that court, the defendant declaring that he appeared for the purpose of making such motion.

*Sprague* and *Gray*, for the defendant, to the point, that no other service than that prescribed by statute, is sufficient, cited *Peck* v. *Warren*, 8 Pick. 163 ; *Arnold* v. *Tourtellot*, 13 Pick. 172 , *Picquet* v. *Swan*, 5 Mason, 53 ; that the defect in the service might be taken advantage of, on motion, *Lawrence* v. *Smith*, 5 Mass. R. 362 ; *Tingley* v. *Bateman*, 10 Mass. R. 343 ; *Jacobs* v. *Mellen*, 14 Mass. R. 132 ; *Guild* v. *Rich-*

*June 30th.*

*ardson*, 6 Pick. 364 ; that the appearance of the defendant to take the exception, was not a waiver of the exception to the sufficiency of the service, *Blake* v. *Jones*, 7 Mass. R. 28 ; *Tingley* v. *Bateman*, 10 Mass. R. 343 ; *Gardner* v. *Barker*, 12 Mass. R. 36 ; and that the application to the Court was properly made, *Cleveland* v. *Welsh*, 4 Mass. R. 591 ; *Tingley* v. *Bateman*, 10 Mass. R. 343 ; *Rathbone* v. *Rathbone*, 4 Pick. 89 ; *Robbins* v. *Hill*, 12 Pick. 569.

*S. D. Parker*, for the plaintiff, to the point, that the service was sufficient, cited *Wood* v. *Dodgson*, Barnes's Notes, 278 ; *Sheridan* v. *Ashby*, ibid. 403 ; *Talbot* v. *Oldham*, ibid. 411 ; *Smith* v. *Wintle*, ibid. 405 ; *Cleveland* v. *Welsh*, 4 Mass. R. 591 ; that the defendant had waived any objection to the sufficiency of the service, *Knox* v. *Summers*, 3 Cranch, 498 ; and that a person might have two domicils, *Harvard College* v. *Gore*, 5 Pick. 377.

*July 1st.*

SHAW C. J. delivered the opinion of the Court.    The first question raised in this case is, whether such service was made on the defendant, as by law is required, to render him liable and bound to answer to the suit.

The statute which was in force when this suit was commenced, was clear and explicit, " that when goods &c. shal be attached, a summons shall be delivered to the party, or left at his or her dwellinghouse or place of last and usual abode, fourteen days," &c.    *St.* 1797, *c.* 50, § 1.

Where a person is described as of one place within the Commonwealth, and commorant at another, it clearly intimates that the former is his domicil, dwellinghouse or place of abode, and the latter a place of temporary residence.    By the writ itself, then, it appears, that the dwelling or domicil of the defendant was at Duxbury ; and we can have no doubt, that leaving a summons there would have been good service within the statute.    The law proceeds on the supposition, that at a man's dwellinghouse, or last *and* usual place of abode, (for both must concur,) there will be some person enjoying his confidence, careful of his interests, and charged with his concerns, who will give him actual notice, and such service being the most likely to accomplish that object, the statute, for many purposes, gives it the force and effect of actual notice.    The law raises

Ames
*v.*
Winsor.

no such presumption, and the statute gives no such legal effect, to a notice left at another place.   The law assumes, that every man must have a domicil, or place of last and usual abode, within the State or out of it.   If the former, the summons must be left at that place ; if the latter, various provisions are made, adapted to various cases, and best calculated to insure actual notice to the defendant.   It is manifest, upon the return, that the summons was not left at the defendant's last and usual place of abode ; and the statute allowing no substitute, when the defendant has an abode within the State, the Court are of opinion, that the service was insufficient.

Nor can the Court perceive, that the summons actually came to the custody or knowledge of the defendant, fourteen days before the return.   His appearance in court proved only, that he had heard of the suit before such appearance ; but this, in perfect consistency with the proof, might not have been the case at the time of the return of the writ, when all the depositions had been taken.

The only doubt which could arise in this case was, whether the defendant had not waived his objection, by an appearance in the court below, or by pleading in bar.

On the first point, it seems very clear that a defendant may appear for the special purpose of showing to the court, that he has not been duly served with process, and that the court has no authority to proceed in the cause, without waiving his objection.   And this is what he in fact did, in the motion in which his objection was presented.

Then the question is, whether pleading in bar to the action, by joining in the common sham demurrer, or in other words, pleading in bar to the action, was a waiver.   Had the defendant, without motion to stay proceedings, pleaded any plea to the merits, we think it would have been a voluntary appearance and submission to the jurisdiction of the court, and a waiver of all exceptions to the regularity and sufficiency of the service. But it must be considered, that by law, the defendant could not appeal from the decision of the Court of Common Pleas, in overruling his motion, which was a mere interlocutory proceeding, and he was compelled to plead to the merits, as the only means of obtaining a final judgment, from which he could

Ames
v.
Windsor.

appeal. But when the cause comes here by appeal, this Court is bound to revise the proceedings of the Court of Common Pleas, and if found erroneous in point of law, to do what that court should have done. *Cleveland* v. *Welsh*, 4 Mass. R. 591 ; *Rathbone* v. *Rathbone*, 4 Pick. 89.

The result is, that, as the defendant was not duly summoned or bound to appear and answer the suit, and has not waived the objection, all further proceedings are stayed.