## SAMUEL DANA *et al. versus* THOMAS A. STAPLES.

If the defendant pleads in abatement in the Court of Common Pleas, and upon a respondeas ouster, pleads to the merits, though in the form of a common demurrer with a reservation of liberty to plead anew in this Court, he waives his right to plead in abatement in this Court ; since, by Revised Stat. *c.* 82, § 6, he might have appealed from the judgment of the Common Pleas upon his plea in abaterient.

ACTION on a mortgage. The writ was dated the 23d of February, 1837, and was returnable at the Court of Common Pleas, on the second Monday of March. At the return term, and within the first four days of that term, the defendant craved oyer of the writ, and officer's return thereon. It appeared from the return, that the officer served the writ by an attachment of the defendant's property, and by leaving a summons for his appearance at court. The defendant then prayed that the summons might be enrolled, and it was accordingly enrolled ; and it appeared to bear date on the 23d of March, 1837. The defendant then pleaded in abatement the variance between the date of the writ and the date of the summons. To this plea the plaintiffs demurred ; and at March term 1838, the Common Pleas decided that the plea was bad and awarded a respondeas ouster.

The defendant then pleaded *not guilty*, reserving liberty to waive this plea and to plead anew at the Supreme Judicial Court. The plaintiffs, agreeing to the above reservation and reserving to themselves the same liberty, demurred to this plea And the defendant, agreeing to such reservation, joined in demurrer. The Common Pleas gave judgment for the defendant upon the demurrer, and the plaintiffs appealed to this Court, and entered their action at April term 1838. At that term, the defendant, waiving his plea of *not guilty*, suggested that he filed a plea in abatement in the Common Pleas, and that that court adjudged it bad and ordered him to answer over, and thereupon the action was brought to this Court upon common demurrer ; and he prayed that his plea in abatement might be heard and considered by this Court.

*B. Russell,* for the defendant, cited *Cleveland* v. *Welsh,* 4 Mass. R. 591 ; *Rathbone* v. *Rathbone,* 4 Pick. 89 ; *Pattee* v.

*Harrington*, 11 Pick. 221 ; *Slayton* v. *Chester*, 4 Mass. R. 478; *Guild* v. *Richardson*, 6 Pick. 364 ; *Nelson* v. *Swett*, 4 New Hampsh. R. 256.

Dana
v.
Staples.

*Dana*, for the plaintiffs.

SHAW C. J. delivered the opinion of the Court. The defendant, after a judgment of the Court of Common Pleas against him, on his plea in abatement, by pleading to the merits, waived his right to insist on his plea in abatement. This Court has repeatedly said, that where the Court of Common Pleas refuses to receive a plea in abatement, which ought to be received, and the defendant is obliged to plead over, this Court will take notice of it and afford him redress. *Cleveland* v. *Welch*, 4 Mass. R. 591 ; *Rathbone* v. *Rathbone*, 4 Pick. 89. But the reason is, that in such cases there is no judgment from which the defendant could take an appeal, and therefore if this Court did not take notice of it, when the cause was brought up on a plea in bar, he would be without remedy. But in this case, the plea was received, the Court rendered a judgment upon it, and by an express provision of the Revised Statutes, *c.* 82, § 6, the defendant might have appealed, as from a final judgment, and taken the opinion of this Court on the validity of his plea in abatement. In the case of *Pattee* v. *Harrington*, 11 Pick. 221, it was held, that by pleading to the merits, though as in the present case, in the form of a common demurrer with reservation, the defendant waived his right to plead in abatement.

*Motion to consider the plea in abatement overruled.*