## HENRY SPERRY *vs.* JETHRO H. RICKER.

If an award which has been made and returned into court within one year, in pursuance of a submission entered into before a justice of the peace, under the statute, is recommitted to the arbitrators by the court, a second award may be accepted and enforced, although not returned into court until after the expiration of a year from the date of the submission.

Under a submission authorizing an award to be made by the greater part of the arbitrators, an award signed by the greater part of them, which recites that they " met the parties and fully heard them, all the referees and both parties being present," and that " all the referees were present when the award was agreed upon by the undersigned," shows sufficient facts to authorize the greater part of the arbitrators to make and return the award.

Under a submission entered into by residents of Middlesex county before a justice of the peace of Suffolk county, authorizing the award to be made and reported to the court of common pleas in Suffolk county, the arbitrators have jurisdiction to make an award, and the court in Suffolk county has power to enforce it.

The legal presumption, unless the contrary appears, is, that arbitrators decide all the matters which are submitted to them, and only those.

WRIT OF ERROR, to reverse a judgment of the superior court accepting an award, under a submission dated December 1, 1854, entered into between the parties, both of whom were residents of Middlesex county, before a justice of the peace of Suffolk county, under Gen. Sts. *c.* 147, agreeing to submit the demands, a statement of which was annexed, to the determination of George C. Roundy, Samuel Rice, and Adam S. Cottrell, " the award of whom, or the greater part of whom, being made and reported within one year from this day to the court of common pleas for the county of Suffolk, the judgment thereon shall be final." The demands, a statement of which was annexed, were, a suit pending in Middlesex county in favor of Ricker against Sperry, and all matters in dispute between the parties growing out of certain contracts between them, which were referred to. An award in favor of Ricker was made by Cottrell and Rice, and entered in court at the November term 1855, which, on motion of Sperry, was set aside, and recommitted for a rehearing ; and a second award was made and returned into court as follows :

" The undersigned, referees appointed by the within rule of

court, having met the parties and fully heard them, all the referees and both parties being present, do award that said Jethro H. Ricker shall recover of the said Henry Sperry the sum of $2668.72, together with one half the cost of this reference, taxed at $45. All the referees were present when this award was agreed upon by the undersigned. Dated this Dec. 27, 1858. Adam S. Cottrell. Geo. C. Roundy." This award was accepted, and judgment rendered thereon.

The errors assigned were as follows : 1. Because the award was not made and returned to the court of common. pleas within one year from the date of the submission, as provided therein. 2. Because it does not appear from the said award that Samuel Rice, one of said referees, was present, or notified to be present, at the time the award purporting to have been made was signed by the other referees ; and because the award does not show that he declined to sign it, or dissented from his associates. 3. Because the arbitrators had no jurisdiction of the subject matter submitted to them, nor of the parties ; because both parties lived in Middlesex county. 4. Because the court to which said award was returned had no jurisdiction over the parties to said submission. 5. Because the award is uncertain, inasmuch as it does not appear therefrom whether one or both or neither of the matters included in the submission, and the statement annexed thereto, were considered by the said arbitrators, or passed upon by them. 6. Because the award does not include all the matters and things referred to the arbitrators by the submission ; especially the suit therein mentioned.

*L. Mason*, for the plaintiff.

*W. P. Harding & A. V. Lynde*, for the defendant.

METCALF, J. 1. The award, as first made by the arbitrators was returned within the time limited by the submission. It was not accepted by the court, but was recommitted. And the Rev. Sts. *c.* 114, § 6, and Gen. Sts. *c.* 147, § 5, contain no provision as to the time of the· return of a second award. See *Whitney* v. *Cook*, 5 Mass. 142.

2. The court are of opinion that it sufficiently appears from the award, that the three arbitrators were present when the

parties were heard, and when the award was agreed upon by the two who signed it, and that it is immaterial whether the arbitrator who did not sign it was or was not present when it was signed by the others. Although it is not expressly stated, in the award, that the arbitrator who did not sign it declined so to do, or that he dissented from the other two, yet these facts seem to the court to be necessarily implied from his omission to sign it. But whether this be so or not, the award shows that it was made by "the greater part" of the arbitrators, according to the authority expressly given to them by the submission, and under the conditions implied by law, namely, that all the arbitrators shall hear the parties and consult together. *Short* v. *Pratt*, 6 Mass. 496. *Carpenter* v. *Wood*, 1 Met. 411. It is not necessary that an arbitrator should formally dissent from his associates, in order to render their award valid; it is sufficient if he does not concur with them. If he declines to express any opinion, the others may dispose of the case.

3, 4. The objection to the jurisdiction of the arbitrators and of the court is answered by the agreement of the parties that the award should be returned to the court of common pleas for the county of Suffolk, for final judgment. Though both of the parties lived in Middlesex, yet if one of them had brought a transitory action against the other in Suffolk, the court in that county would have had jurisdiction, and it would have been only by plea or motion in abatement that the party sued could have taken advantage of the provision in Rev. Sts. *c.* 90, § 14, and Gen. Sts. *c.* 123, § 1, that transitory actions shall be brought in the county where one of the parties lives. *Cleveland* v. *Welsh*, 4 Mass. 591. *Hastings* v. *Inhabitants of Bolton*, 1 Allen, 529.

5, 6. We think the award is not objectionable for uncertainty whether it decides the matters submitted, or for not showing in terms that it decides all those matters. It is the legal presumption, unless the contrary appears, that arbitrators pursue the submission and decide only the matters therein contained, and also that they decide all matters submitted to them. And it is incumbent on a party who seeks to impeach an award, on the ground

that the arbitrators have not so done, to show that they have not Such is the law, when an award is presented to the court for acceptance, and when an action is brought on an award or on an agreement to perform an award. *Parsons* v. *Aldrich*, 6 N. H. 264. *Tallman* v. *Tallman*, 5 Cush. 333, and cases there cited. *Strong* v. *Strong*, 9 Cush. 565. Best on Presumptions, 80. Such, *a fortiori*, must be the law, on a writ of error brought to reverse a judgment rendered on an award after objections to its acceptance have been, as in this case, overruled by the court to which it was returned.                          *Judgment affirmed.*