## LUCAS *vs*. WILSON.

1. Service of process by leaving a copy at the most notorious place of abode of the defendant is good, though at the time he may be absent, and, by reason of his wife being illiterate, he may have no actual notice until after judgment. A judgment so rendered cannot be set aside by bill in equity on the ground of want of proper service.

2. If a defendant against whom a *fi. fa.* is proceeding has a counter *fi. fa.* against the plaintiff, and the latter is insolvent, equity will decree a set-off of defendant's *fi. fa.* from that of the plaintiff.

Equity. Judgments. Service. Before Judge LAWSON. Putnam Superior Court. March Term, 1881.

Reported in the decision.

JAMES S. TURNER; S. A. REID, for plaintiff in error.

W. T. JENKINS; HARRISON & PEEPLES, for defendant.

CRAWFORD, Justice.

The facts necessary to a proper understanding of this case are, that the plaintiff in error had a judgment and execution against the defendant in error, that the defendant in error also had a judgment and execution against him. When the plaintiff in error levied his execution, the defendant in error filed a bill alleging the fact of her having a judgment against the plaintiff in *fi. fa.*, which he refused to allow to have set off against his own, that he was wholly insolvent, and prayed that the said levy be suspended, the *fi. fa.* restrained from proceeding, and that the judgments be set off against each other as far as the amounts would allow.

The plaintiff in error filed an answer in the nature of a cross-bill, in which he set up matters that went behind the judgment of the defendant in error, and prayed that the

said judgment be set aside and his *fi. fa.* allowed to proceed. The matters involved were submitted to the judge without a jury, who, upon the law and evidence, ordered and decreed that the judgments be set off against each other, according to their respective amounts. To this judgment of the court the plaintiff in error excepts.

The single legal question for our decision is, whether a defendant in *fi. fa.* can set aside a judgment upon the ground that he was absent in another county when the summons was left with his wife at his most notorious place of abode, she being an illiterate person, and he thereby failed to have any actual notice of the pendency of the suit until after the judgment, and was thus prevented from setting up defences which he considered sufficient to defeat the recovery.

Such service is authorized by the statute, and gives the court jurisdiction of the person. Whatsoever, therefore, he might have pleaded by way of defense to the merits, and failed to plead, is concluded against him. That the subject matter of the claim may have been set up before that time as against his, and then withdrawn before adjudication thereon, would not change the legal right to bring a subsequent suit therefor.

The judgments are conclusive of the just indebtedness of these parties to each other, and to allow an insolvent plaintiff in *fi. fa.* to force by levy and sale the collection of his *fi. fa.*, leaving the defendant remediless to enforce hers, would be illegal, as well as contrary to equity and good conscience, and should not therefore be allowed.

Judgment affirmed.