Henrietta Fisk, Respondent, v. James Gordon Bennett, Appellant.

*Substituted service of a summons — residence of the defendant.*

Substituted service of a summons upon a defendant residing in the State of New York must, by force of section 436 of the Code of Civil Procedure, be made at the defendant's residence, and an order for such service at a place other than that of the defendant's residence is fatally defective.

Appeal by the defendant, James Gordon Bennett, from an order of the Supreme Court made at the New York Special Term at Chambers, and entered in the office of the clerk of the city and

county of New York on the 13th day of March, 1893, denying the defendant's motion to vacate an order for substituted service of summons.

The original order for substituted service was granted upon affidavits which contained the following allegations:

An affidavit by W. V. Beaman: " That for several weeks deponent endeavored to find said defendant, who is proprietor of the New York *Herald*, but did not succeed in doing so. That the only information that he could obtain from several employees of said defendant with whom he is perfectly friendly and of whom he inquired, was that said defendant had left the State of New York, but his present place of sojourn they did not know. That said deponent could not and cannot ascertain the present place of sojourn of defendant, although he has continued his said inquiries during the present month; 220 Broadway is the only address given in this State and city."

An affidavit by John G. Ritter: " That the only information or knowledge that deponent has been able to obtain is that defendant has left the State for an indefinite time and can be reached only by mail through the office of the New York *Herald*, of which he is proprietor."

*John Townshend*, for the appellant.

*B. C. Chetwood* for the respondent.

PER CURIAM:

Section 435 of the Code of Civil Procedure provides: " Where a summons is issued in any court of record, an order for the service thereof upon a defendant residing within the state may be made by the court or a judge thereof * * * upon satisfactory proof * * * that proper and diligent effort has been made to serve the summons upon the defendant and that the place of his sojourn can not be ascertained, or, if he is within the state, that he avoids service so that personal service cannot be made."

Section 436 provides that " the order must direct that the service of the summons be made by leaving a copy thereof and of the order at the residence of the defendant, with a person of proper age, if

upon reasonable application admittance can be obtained and such a person found who will receive it, or, if admittance cannot be so obtained nor such a person found, by affixing the same to the outer or other door of the defendant's residence, and by depositing another copy thereof, properly inclosed in a postpaid wrapper addressed to him at his place of residence, in the post-office at the place where he resides."

The affidavits upon which the original order was made, and upon which the motion to vacate it was heard, show that the defendant is a resident of the State of New York, and is temporarily sojourning in the city of Paris, France. By the order it was directed "that said summons be served by leaving a copy thereof and of this order at No. 220 Broadway, in the city of New York, with a person of proper age, and by depositing another copy of said summons and this order in the General Post-Office of the city of New York, properly inclosed in a postpaid wrapper addressed to said James Gordon Bennett, 220 Broadway, New York City." It appears by the moving affidavit — which is not disputed — that No. 220 Broadway is not and never has been the residence of the defendant, but that his residence is, and for many years has been, at No. 28 West Twenty-first street in said city.

This direction for service upon the defendant at a place other than that of his residence, as provided by the Code, was a fatal error, for which the order must be reversed.

The order is reversed, with ten dollars costs and printing disbursements, and the motion granted, with ten dollars costs.

Present — Van Brunt, P. J., Follett, and Barrett, JJ.

Order reversed, with ten dollars costs and printing disbursements, and the motion granted, with ten dollars costs.