<hr />

## MASSILLON ENGINE & THRESHER COMPANY V. HUBBARD.

Defendant, who, with his family, lived in a certain house in the state, went to another state on private business, where he remained six months. Two months after he went, his family was obliged to vacate the house, and moved into a house rented by defendant's prospective son-in-law, in which he lived after his marriage, two days later, to defendant's daughter. Though defendant's wife took to this house her household goods, she intended to make it her home only till the marriage of her daughter, and till she could make arrangements to leave the city, which she did a month later. *Held,* that though she moved to the latter house by the direction and with the consent of defendant, and though he at that time had not acquired any new domicile, it was not his ''dwell-

ing house," within Comp. Laws, §4898, allowing service of summons by leaving a copy at defendant's dwelling house, in the presence of a member of his family; the dwelling house contemplated being one in which a person has his legal residence or domicile, and in which he permanently resides.

(Opinion filed December 17, 1898.)

Appeal from circuit court, Minnehaha county.   Hon. JOSEPH W. JONES, Judge.

Action by the Massillon Engine & Thresher Co. against C. W. Hubbard, impleaded with another.   From an order denying said Hubbard's motion to vacate a judgment against him, on the ground that he had not been served with summons, he appeals.   Reversed.

The facts are stated in the opinion.

*Bailey & Voorhees* (*Aikens & Judge*, of counsel), for appellant.

*A. B. Kittredge*, for respondent.

CORSON, P. J.   On March 11, 1897, the plaintiff caused a summons and complaint to be served upon the defendant Hubbard, as returned by the sheriff as follows: "I personally served the said summons and complaint on the within-named defendant, C. W. Hubbard, by delivering to and leaving at his dwelling house, in the presence of Ellen Hubbard, a true and correct copy thereof, the said Ellen Hubbard being a member of said defendant's, C. W. Hubbard's, family, to-wit, his wife, and over the age of 14 years, and the defendant, C. W. Hubbard, not being conveniently found.   Dated March 11th, 1897." Said defendant making no appearance, judgment was entered against him on May 4, 1897.   In this judgment is, among others, the following recital:   "The summons and complaint in

the above entitled action having been duly and personally served upon the defendant, C. W. Hubbard, on the 11th day of March, A. D. 1897." On September 10, 1897, the said defendant, appearing specially for that purpose, moved the court, upon affidavits, to vacate and set aside said judgment, upon the ground and for the reason that no service had ever been made upon him. The motion was heard upon the affidavits of said Hubbard and his wife, and counter affidavits on the part of plaintiff. and denied; and from this order denying the motion the defendant appeals.

Section 4898, Comp. Laws, under which the service was made, provides that "the summons shall be served by delivering a copy thereof as follows: * * * (6) In all other cases to the defendant personally; and if the defendant cannot conveniently be found, by leaving a copy thereof at his dwelling house in the presence of one or more of the members of his family, over the age of fourteen years. * * * Service made in any of the modes provided in this section shall be taken and held to be personal service." The principal question involved in this case is as to the construction to be given to the term "dwelling house," as used in that section. Bouvier defines "dwelling house" as follows: "A building inhabited by man; a house usually occupied by the person there residing and his family; the apartment, building or cluster of buildings in which a man and his family reside." 1 Bouv. Law Dict. p. 514. Anderson thus defines it: A person has his dwelling where he resides permanently, or from which he has no present intention of removing." And. Law Dict. 389. Webster defines "dwelling": "Habitation; place or house in which a person lives; abode; domicile." In view of these definitions, we are of

the opinion that the "dwelling house" contemplated by the statute is one in which a person has his legal residence or domicile, and one in which he permanently resides.    Ames v. Winsor, 19 Pick. 247; Opinion of Judges, 5 Metc. (Mass.) 587.

The facts disclosed by the record in this case are that defendant, with his family, consisting of his wife, two daughters, and a son, resided in Sioux Falls, for about 12 years prior to January 10, 1897; that at the latter date he, with his family, lived on the corner of Phillips avenue and Thirteenth street; that on that day he left for Chicago, on private business, where he remained until about July, 1897; that, on or about March 1st, the family were required to vacate the house so occupied by them on Phillips avenue, and did so, by moving to the corner of Minnesota avenue and Fourteenth street, at which place the summons and complaint were left with the wife on March 11th, as returned by the officer; and that, on or about April 10th, Mrs. Hubbard left Sioux Falls, and went to Brattleboro, Vt., where she was at the time of making her affidavit, September 7, 1897.    The house to which Mrs. Hubbard moved on Minnesota avenue was one which had been rented by her prospective son-in-law, and in which he and his wife, a daughter of the defendant, resided after March 13th.    Mrs. Hubbard took with her to this house the household goods and furniture used by her in the residence of the defendant on Phillips avenue; but it is quite apparent from the evidence that she did not intend to make this house her home for any length of time, and that she occupied it solely as a temporary home until her daughter should be married (which event took place on the 13th day of March, two days after the summons was served), and until she could make her arrangements to leave Sioux Falls.    It may be

true, as contended by respondent's counsel, that Mrs. Hubbard moved to the house on Minnesota avenue by the direction and with the consent of her husband, but this, in our view of the case, does not change the rights of the respective parties. It may also be true, as contended for by respondent's counsel, that the defendant Hubbard had not, prior to March 11th, acquired any new domicile, and that had the wife continued to occupy the residence on Phillips avenue at the time the summons was served, and it had been served on her there, the service would have been good, as constructive service upon him. And had she, under the direction, express or implied, of her husband, rented the dwelling on the corner of Minnesota avenue, and moved there with the intention of making it the permanent home of the family, then service upon her there in that case would have been good as substituted service, as such dwelling house would have been, presumptively, the dwelling house of the defendant. But, in our view of the case, her residence in the dwelling house on Minnesota avenue on the 11th of March, under the circumstances mentioned, did not constitute it the dwelling house of the defendant, within the meaning of the section of the statute quoted. The law is well settled that a statute authorizing substituted service must be strictly followed. 22 Am. & Eng. Enc. Law, 148, and cases there cited. Schlawig v. De Peyster, 83 Iowa, 323, 49 N. W. 843; Wolf v. Bank, 84 Iowa, 138, 50 N. W. 561; Hewitt v. Weatherby, 57 Mo. 276; Wheeler v. Wilkins, 19 Mich. 78; Adams v. Abram, 38 Mich. 302; Settlemier v. Sullivan, 97 U. S. 444; Fish v. Bennett (Sup.) 23 N. Y. Supp. 471; Earle v. McVeigh, 91 U. S. 503; Ames v. Winsor, 19 Pick. 247. And, when the statute makes service upon the wife constructive service upon the husband

when made at his dwelling house, it must affirmatively appear that such dwelling house, where the service is so made, is in fact the dwelling house of the husband; that is, the permanent home of the family.    We are of the opinion that the service of the summons in this case, not having been made upon the wife at the dwelling house of the defendant, was not sufficient to constitute constructive personal service on the defendant.    The order of the court overruling the motion of the defendant to set aside the judgment is reversed.