## Bryant, et al. v. Shute's Exor., et al.

(Decided February 28, 1912.)

Appeal from Kenton Circuit Court
(Common Law and Equity Division).

1.  Action Upon Foreign Judgment—Validity of Summons and Return—Due Process.—In this action brought by appellees in this State upon a judgment in personam recovered against appellants in a Massachusetts Court of competent jurisdiction, it appearing from the record: 1st. That the service of summons upon which the Massachusetts judgment was rendered is valid under the laws of that State; 2nd. That such summons and service constituted "due process" within the meaning of the constitution, it was properly given full faith and credit by the Circuit Court of this State in which the judgment appealed from was rendered.

2.  Residence—Sufficiently Established in Massachusetts.—The evidence was sufficient to establish the fact that appellants' residence was in Massachusetts and in the county thereof in which the judgment against them was rendered, at the time of its rendition and when summons was served upon them.

MYERS & HOWARD for appellants.

MACKOY & MACKOY for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action was instituted by appellees in the court below upon a personal judgment amounting to $1,617.20, with interest thereon from October 5th, 1905, which they had recovered in the Municipal Court of the City of Boston, Sussex County, Massachusetts, against the appellant, Helen A. Bryant. The judgment in question was for the amount due on a note executed March 8th, 1889, to Catherine Shute, appellees' intestate by the appellant, Helen A. Bryant. To that action appellant made no de-

fense. But in the case at bar her answer, as amended, set up several grounds of defense. On the submission of the case, however, judgment was rendered in appellees' favor for the amount of the former judgment and interest; also for the enforcement of a lien on certain real estate upon which appellant had given a mortgage as security for the payment of the note merged in the former judgment, which real estate was ordered to be sold in satisfaction of the judgment. But no disposition was made by the circuit court of an attachment which appellees caused to be issued and levied upon certain other lands in Kenton County owned by appellant, that matter being reserved for future adjudication. This appeal is prosecuted from that judgment.

It appears from the record that the judge of the circuit court wrote an opinion covering every aspect of the case, and we find that its admirable statement of the facts and law of the case so fully conforms to the conclusions we have reached that it is hereby adopted as the opinion of this court.

"On March 8th, 1889, the defendants, Helen A. Bryant and James T. Bryant, then her husband, executed and delivered to Mary Ann Maynard, their promissory note for $800, due and payable one year after date, with interest at 8 per cent. The note was executed and delivered in the State of Ohio where that rate of interest is legal. Mary Ann Maynard assigned and transferred the note to Catherine Shute, and after her death the plaintiffs, as executors of her will instituted an action against the defendants, Helen A. Bryant and James T. Bryant, in the Municipal Court of the City of Boston, Mass., on September 16th, 1905, upon said note, and thereafter, on October 6th, 1905, obtained a judgment against said defendants for the sum of $1,607.20, being the amount of the principal and interest then found to be due upon the note, and the costs of the action, amounting to $8.63.

The note mentioned was secured by a mortgage upon real estate in Kenton County, Ky. This action was then brought in this court upon that judgment obtained in the Municipal Court of the City of Boston, seeking to subject the mortgaged property to the payment of the judgment and also seeking to subject by attachment other property of the defendant, Helen A. Bryant, to the payment of the demand; it being alleged that the mortgaged property is not sufficient to satisfy the demand.

It is alleged and duly proved by a copy of the record of
the proceedings of the Municipal Court of the City of
Boston, duly certified in accordance with the act of Con-
gress, that summons and attachment was issued in said
court against the defendant, and was executed by the
sheriff, his return being as follows:

"Suffolk S. S.                    Boston, Sept. 22, 1905.

"By virtue of this writ I this day attached a chip
as the property of the within named defendants, James
T. Bryant and Helen A. Bryant, and afterwards on the
same day I summoned them to appear and answer at
court as within directed by leaving at the last and usual
place of abode, of said Helen A. and by delivering in
hand to James T. each a summons of this writ. Fees
service $1.00.

"JEREMIAH G. FENNESSY,
"Deputy Sheriff."

"Travel $\frac{08}{1-08}$

The answer of Helen A. Bryant pleads that she was
not served with summons; that the execution of the at-
tachment by attaching a chip as her property was a
false and fictitious return for the purpose of securing
jurisdiction of her person; that the sheriff and deputies
and the plaintiffs in this case knew the place of her tem-
porary abode in the City of Boston with her daughter,
at the time of the institution of the action, and that
either or all of them could have learned of her where-
abouts and of her temporary place of abode; that she
did not receive the summons or notice of it, and that it
was not left at her place of abode; and that she did not
know that a judgment had been rendered in that court
against her until the institution of this action.

Issues are formed in the pleadings as to the laws of
Massachusetts sustaining the validity of the service.
Without going more into detail as to the pleading it
may be said that two questions are presented with refer-
ence to the validity of the service of summons: 1st. As
to whether or not the service of summons in question is
valid under the laws and judicial opinion of the State
of Massachusetts for the purpose of sustaining a per-
sonal judgment? 2nd. If it is sufficient under the laws
and judicial opinions of that State, the question remains
as to whether or not such process is "due process" with-
in the meaning of the Constitution?

The statement that a judgment if valid in the State in which it was rendered is valid in all other States and is to be given full faith and credit, is true, but its validity is not to be determined solely by the decisions of the courts of that State upholding its validity, for if that were true the provisions of the constitution prohibiting one from being deprived of his property without due process of law could and would be rendered of absolutely no effect by the legislatures of the States prescribing as the method of serving process in a civil action a scheme of substituted service which would be utterly ineffectual in most cases to notify the defendant of the pendency of the action against him, and by the courts of such States holding that the service was sufficient to sustain a personal judgment. In Davis v. New Orleans, 96 U. S., 97, in considering that question the court said:

"Can a State make anything due process of law, which by its own Legislature it chooses to declare such. To affirm this is to hold that the prohibition to the States is of no avail, or has no application where the invasion of private rights is effected under the forms of State legislation."

The service must be valid in the State where the judgment was rendered according to its laws and judicial opinions, but it must also be "due process" of law within the meaning of the Constitution as determined or interpreted by the court of last resort having jurisdiction to construe it. Hence, the two questions present themselves.

The Statutes of Massachusetts in force at the time of the proceedings in the Municipal Court of the City of Boston, provide:

"29. A separate summons which is served after an attachment of property shall be served by delivering it to the defendant or by leaving it for him as hereinafter provided; and an original summons without an attachment shall be served by reading it to the defendant, by delivering to him a copy thereof, attested by the officer who serves it, or by leaving such copy for him as hereinafter provided.

"30. The separate summons may be served at any time after the attachment has been made, if it is served the number of days before the return day required for the service of the original writ; and a certificate of the summons shall be endorsed on the original writ.

"31. If the summons is not served personally on the defendant, the original or a copy, as the case may be, shall be left at his last and usual place of abode, if he has any within the Commonwealth known to the officer. If he has none, it shall be left with his agent or attorney, if he has any within the Commonwealth known to the officer. If he has no such last and usual place of abode, and no tenant, agent or attorney, no service upon him shall be required except as provided in the three following sections." (See Revised Laws of Mass. Ed. 1902, Vol. 2, Chap. 167, sections 29, 30 and 31.)

It will thus be seen that the statute is complied with by delivering or leaving at the defendant's last and usual place of abode a copy of the summons, whether an attachment is issued or not. This construction is sustained by decisions of the courts of the State. It is proven in this case that in commencing an action in Massachusetts, you may have simply a summons, or you may have a summons and attachment embraced in one writ called a writ of attachment and summons; or it may be a writ of capias and attachment at the will or election of the person using the same. It appears that in practice the writ of summons alone is not usually issued, but that the more common practice is to issue the writ of summons and attachment, whether an actual seizure of the defendant's property is contemplated or not, and that the sheriff only makes an actual seizure of property when directed. Unless so directed he executes the order of attachment by levying upon a chip or a glove, a mere nominal attachment. It is established by the evidence that this has been the practice for over 100 years, and has been upheld as a personal service or its equivalent, by the courts of final resort in the State. The cases cited by the attorneys testifying sustain this statement of the law; Ames vs. Winsor, 36 Mass. 247; Jones vs. Walker, 81 Mass. 353; Peabody vs. Hamilton, 106 Mass. 217; Tilden v. Johnson, 6 Cushing, 354 (60 Mass.) Belknap vs. Gibbens, etc., 13 Met. 471 (54 Mass.) New England Sheriffs and Constables by Hitchcock, 2 ed. pages 95 and 301.

See also the early case of Picquest vs. Swan, 5 Mason (U. S. Circuit Court Rep.) 35 (Mass. case) in which it was held, or rather declared, that if an attachment is issued and is levied upon a chip or a glove and the summons is served by leaving it at the last and usual place of abode of the defendant, the service will sustain

a personal judgment, if at the time of such service the defendant is a resident or inhabitant, but if a non-resident or not an inhabitant it is insufficient.

It is clear from the evidence and the opinions of the court of last resort of Mass., that the service upon the defendant, Helen A. Bryant, is a valid service and will support a personal judgment so far as the laws and judicial opinions of that State are concerned, and it remains to inquire whether such service is "due process of law" required by the Constitution.

In Knowles v. Logansport Gas Light Co., 19 Wall, 58 (U. S.), 22 Law ed. 22, the Court said:

"We do not mean to say that personal service is in all cases necessary to enable a court to acquire jurisdiction of the person. Where the defendant resides in the State in which the proceedings are had, service at his residence, and perhaps other modes of constructive service may be authorized by the laws of the State. But in the case of non-residents, like that under consideration, personal service cannot be dispensed with, unless the defendant voluntarily appears."

In Hart v. Sanson, 110 U. S., 156, it was held that a personal judgment rendered against the person who is not a citizen or resident of the State in which it was rendered, upon a service by publication, is not enforcible in any other State, or in other words, such service is not "due process."

In Kibbe v. Benson, 19 Wall. (U. S.) 624, 21 L. ed. 741, the court held that a service of summons by delivering to the father of the defendant the writ in the yard of the defendant's residence 125 feet from the dwelling, was not a compliance with the statute which requires that it be left with some white person of the family of the age of ten years or upwards, at the dwelling house of such defendant, if he be absent, but the court clearly recognized the validity of the substituted service if the statute had been complied with.

In Earle v. McVeigh, 91 U. S., 503-23 L. ed. 398, the validity of substituted service by posting or tacking the summons to the front door of a resident was recognized, but it was held that where the defendant had left his residence more than six weeks before, leaving no one at the house, it was insufficient.

In Pennoyer v. Neff, 95 U. S. 714-24 L. ed. 565, it was held that service against a non-resident by publi-

cation is insufficient to sustain a personal judgment, but there is nothing in the opinion that could be construed as holding or indicating that substituted service by leaving a copy at the residence of the defendant, would be an invalid service for the purpose of personal judgment.

In Settlemier v. Sullivan, 97 U. S., 442-24 L. Ed. 1110, the statute of Oregon provided that service might be had by delivering the summons to some white person of the defendant's family above the age of 14 years, at his dwelling house or usual place of abode, if the defendant could not be found. The return showed that the summons was served upon his wife at the usual place of abode, but failed to state that the defendant could not be found, which was the condition upon which the right to make a substituted service was given, and the court held the judgment void.

These cases seem clearly to indicate that a service of summons by leaving a copy at the defendant's residence is sufficient to sustain a personal judgment, and this is also indicated in Wilson v. Selligman, 144 U. S., 41, and in Grover v. B. Sewing Machine Co., 154 U. S., 34, and other cases decided by the Supreme Court of more recent date. In some of the States an attachment is required before such substituted service is authorized, upon the theory that the control and supervision which one usually exercises over his property would, if it were seized under attachment, be in most cases more probable to bring actual notice of the proceedings to the defendant than the leaving of the summons at the defendant's residence, and in the opinion of Pennoyer v. Neff, the court seemed to attach great importance to it.

While this court has been unable to find any case decided by the Supreme Court wherein the service by leaving the writ, or summons at the defendant's residence without an attachment of property has been held valid, yet there are none to the contrary, and from what was said in the several cases cited we are led to the conclusion that such service upon a resident is sufficient and is due process.

As to non-residents it has often been held by that court that such service is not sufficient. In most every State in the union such service has been held to be equivalent to personal service. In the early case of Rogers v. Coleman Hardin (Ky.) 422, the tenor of the opinion

is to the effect that only an actual personal service is "due process" for the purpose of sustaining a personal judgment, and there is no distinction recognized or noted in the opinion between residents and non-residents as to the effect of such service upon the judgment. The facts of the case there decided were, however, that the judgment sued upon in Kentucky was renderd in Virginia against the defendant Rogers, who was at the time of the institution of the action a resident of Kentucky, and only before the Virginia Court by publication of the constructive service.

In Burnam v. Commonwealth, 2nd Duvall, 210, which was an action against the officers of the so-called provisional government under an act of March 15, 1862, substituted service was provided for. The court said:

"We cannot adjudge any provision in the act to be unconstitutional. As in other cases, an actual notice cannot be given absent defendants, there must either be no remedy or constructive notice must be substituted as sufficient; and what constructive notice shall be given is a question of legislative discretion rather than power. We see no abuse of sound discretion in the mode of service prescribed in this statute."

In Biesenthall v. Williams, 1 Duvall, 320, a suit was brought to enforce a judgment obtained in the State of Ohio upon process served by leaving the writ at the residence of the defendant. Our court held the judgment valid and enforcible in this State. To the same effect see Guenther v. American Wheel Co., 116 Ky., 580 (76 S. W., 419, 25 R., 795.)

Substituted service against a resident by leaving a copy at the residence of the defendant has been held sufficient to sustain a personal judgment in the other States. Continental Bank of Boston v. Thurber, 74 Hun. (N. Y.) 623; Elliott v. McCormick, 144 Mass., 10; Hulbert v. Thomas, 55 Conn. 181; Lucas v. Wilson, 67 Ga., 356; Burbage v. Am. Nat. Bank, 96 Ga., 503; Move v. Walker, 96 Ga., 769; Atchison County v. Challis, 65 Kan., 179; Abbott v. Abbott, 101 Me., 343; Parkland, etc., v. Lane, 106 Va., 304; Missouri Trust Co. v. Norris, 61 Minn., 256; Bickerdike v. Allen, 157 Ill., 92; Sanford v. Evans, 19 Montana, 56; Walker v. Stevens, 52 Neb. 653; Blake v. Smith, 67 N. H., 182; Rogers Jerman, 3 N. L. L., 527; Harrison v. Farrington, 35 N. J., Eq. 4; Robbins v.

Clemmons, 41 Ohio St., 285; Hunter v. Hunter, 1 Bailey 646, S. C.; Powell v. Nolan, 27 Wash. 318.

It must of course follow that if the statute is followed in the matter of making the service by leaving a copy at the residence of the defendant the fact that the defendant did not receive actual notice, or that actual notice of the action was not thereby brought to him, does not affect the validity of the judgment. If it were allowed to do so such process would be of no effect, and it would have been useless to prescribe it. Hulbert v. Thomas, 55 Conn., 181; Lucas v. Wilson, 67 Ga., 356.

The court has been unable to find any decision, State or Federal, which holds that such service against a resident is not sufficient to sustain a personal judgment, or that the judgment would be invalid because of the fact that mode of process had proved ineffectual in the particular case to bring notice to the defendant.

Before it is effectual, however, as process, the statute must be strictly complied with.

Where the statute requires it to be left at the defendant's residence or place of abode, it does not satisfy the statute if it is left at the defendant's place of business; or at the house of another; or at a house or hotel where the defendant is temporarily stopping; or in leaving it at his former dwelling after his removal therefrom; or in leaving it in defendant's berth in a steamer upon which he has taken passage; or in leaving it in a part of the house which he does not inhabit or frequent; or at any other place, and the judgment will be void. Hitch v. Gray, 1 Md., 400 (Del) Smith v. Bryan, 60 Ga., 628; Stout v. Harlem, 20 Ind. App. 200; Winchester v. Cox, 3 Green, 575 (Neb.); Lambert v. Sample, 25 Ohio, 336; Dryer's case 1 Brown, 229, Pa.; Mayer v. Griffin, 7 Wis. 82; Halsey v. Hurd, 11 Fed. Case No. 5966; Boyland v. Boyland, 18 Ill., 551; White v. Primm, 36 Ill., 416; Hennings v. Cunningham, 59 Atl., 12; Cline v. Cline, 104 Ill., App. 274; Matter of Norton, 32 Misc. 224, N. Y.; Craig v. Gibson, 13 Gray, 270 Mass.; Perry v. Perry, 103 Ga., 706; Fiske v. Bennett, 69 Hun. 272, N. Y.; Phelps v. McClellan, 10 N. D., 536; Kibbe v. Benson, 17 Wall, 624 U. S.

(The court has not examined all of the foregoing but has taken them from Cyc., and those examined have sustained the text.)

In the earlier cases decided by the Supreme Court, in

some of them, it was held that exactly the same force and effect must be given a judgment in the courts of the State in which it was sought to be enforced, as it would receive in the courts of the State which rendered it, and it was held that statements of fact contained in the record upon which the jurisdiction of this court was dependent, must be given absolute verity; and that such statements were not subject to attack in the courts of any other State in which the judgment was sought to be enforced.

Later this holding was overruled, and since the case of Thomson v. Whitman, 18 Wall U. S., 456, it has been uniformly held that the defendant was not precluded by the statement of any jurisdictional fact in the record, and that where the judgment was sought to be enforced in another State, the courts of that State could inquire into the truth or falsity of any jurisdictional fact and was not precluded by the statements of the record from so doing. Thomson v. Whitman, 18 Wall., 457-21 L. Ed. 897; Knowles v. The Logansport Gas, Light & C. Co., 19 Wall. 508-22 L. Ed. 70; Hill v. Mendenhall, 21 Wall. 453; Hall v. Lanning, 91 U. S., 165; Kibbe v. Benson, 17 Wall. 624-21 L. Ed. 741; Pennoyer v. Neff, 95 U. S., 714-24 L. Ed. 565; Cole v. Cunningham, 133 U. S., 107-33 L. Ed. 538; Grover &c. Co. v. Redcliffe, 137 U. S. 287-34 L. Ed. 670; Simmons v. Saul, 138 U. S. 439-34 L. Ed. 1050.

Even though it be true that in the State of Massachusetts, the return of the officer to the effect that the defendant had a residence there and that he served the writ by leaving it at her last and usual place of abode, was conclusive and could not be controverted in an attack upon the judgment in that State, yet the foregoing decisions of the Supreme Court leave no doubt but that when it is sought to be enforced, in this State or any other State, the defendant will be permitted to controvert the record upon any statement of fact upon the jurisdiction of the court which rendered the judgment was dependent. The residence of the defendant in Massachusetts at the time of the service of the writ is a fact upon which the jurisdiction of the court was dependent, for if she was a non-resident the judgment was void. So that the record can be controverted by the defendant in that regard. The statement of the return of the officer that he left it at her last and usual place

of abode may also be controverted, as it is also a jurisdictional fact. The record in these regards is only prima facie evidence of those facts. There has been no evidence offered or taken by the defendant controverting the statements of the record as to these matters, and it thus becomes a pure question of pleading as to what is put in issue by them and upon whom is the burden of proof. As hereafter shown the pleadings, the evidence and the judgment, clearly make a prima facie case as to the validity of the judgment, and it is upon the defendant to attack the judgment by a direct pleading and to establish the matter of proof, at least, if the matter pleaded attacking the judgment is put in issue.

The court will now consider the matter of the residence of the defendant. As heretofore stated the court concludes from all the authorities that if the defendant was a non-resident of Boston or the State of Massachusetts at the time of the service the judgment is void, but it is upon the defendant to allege and prove that fact.

In the original petition it is alleged that at the time of the institution of the former action and at the time of said service, the defendants then resided and lived in the city of Boston, Mass., and had resided and been domiciled therein for a long time prior thereto. It does not seem to the court that this allegation was essential to be made by the plaintiff, for the record and the return of the officer in that case would prima facie establish that fact, but the allegation is not improper as a matter of inducement to the other allegations as to the laws of Massachusetts, made in a subsequent amendment. The original answer of Helen A. Bryant did not deny the allegations of the petition as to her residence. The amended answer alleged that she is a native of Kenton County, Ky., and resided therein until after the marriage of her daughter, who became a resident of Boston, Mass., and that she went to Boston in the year 1898 and has since temporarily resided with her daughter, but always with the expectation and intention of returning to Kenton County; that this is her home and always has been, and that she has always claimed this as her home and residence; and she denies that she is or was at the time of the rendition of the judgment sued on, or at the date of the service of the process, in said action, a resident of Boston.

Notwithstanding the statement of the conclusion

pleaded, that she was a resident of Kentucky, the court is of the opinion that the fact of her residence with her daughter in Boston for about eight years prior to and up to the time of service of the process, clearly establishes the fact of her residence there at the time of the service of the process; and her definite intention of returning to Kentucky to reside at some indefinite future time, if it existed, would not alter the fact that her residence was then in Boston. Even if this were not true, the denial of the answer that she was a resident of Massachusetts at that time, would not shift the burden of proof to the plaintiff, although the issue is made by the denial of an allegation of the petition, and the defendant offered no evidence upon the issue. But as the answer alleged the facts as to her residence and are not denied by a reply, it should be taken as true (the facts alleged as to her residence), those facts establishing her residence in Boston, and that she was not merely temporarily there.

The amended petition also alleged the residence of the defendant to be at Boston, which was merely a reiteration of the allegation of the petition. The court is clearly of the opinion that the answer of the defendant does not plead the non-residency of the defendant, but on the contrary pleads facts which render her a resident, and then upon those facts, pleads an erroneous conclusion.

The next question is as to whether or not under the pleadings there was an issue as to the service of the process. The court has heretofore cited the case decided by the Supreme Court holding that the defendant may controvert the fact of the service and the return of the officer, it being a jurisdictional fact when the judgment is sought to be enforced in other States. The amended answer alleged:

"She says said return is false and was fraudulently made by plaintiffs and their attorneys for the purpose aforesaid; that said sheriff did not leave a copy of said summons either at her last or usual place of abode, and that said return is a fiction, and is false and fraudulent, and said alleged judgment is a fraud and was fraudulently procured to be rendered."

In the answer to the second amended petition the defendant "denies that the sheriff of Suffolk County

ever left any copy of any writ or summons in said case at her last or usual place of abode."

There is no specific allegation in the second amended petition to which this pleading responds, to the effect that said sheriff had left the summons at her last and usual place of abode, although the copy of the judgment and proceedings filed with the petition showed by the return of the officer that he did so.

The answer to the amended petition denies that "Any summons in the action mentioned in the original and amended petition was ever served upon her personally or was left at the last or usual place of abode of this defendant."

The reply to the amended answer filed January 13, 1908, denied that the return of the officer was false or fraudulent and denied that the sheriff did not leave said summons at said defendant's last and usual place of abode.

The burden upon this issue, it being an attack upon the judgment and record of the proceedings of a foreign court duly certified according to the act of Congress, was upon the defendant and no proof was introduced by the defendant. As to the real estate attached in this action, it appears that by the action of the trust company that Helent A. Bryant is indebted to it for a sum of money, the amount of which is not stated, for money advanced for the payment of taxes and other liens upon the trust property, which is the property attached, and which by the reply is alleged to have been conveyed to the trust company at a time not stated, to be managed, controlled sold and disposed of, conveyed, leased, repaired, improved or mortgaged by the trust company and collect all rents, issues and profits and apply them to the execution of the trust. The purpose of the trust is not stated. The reply pleads that the plaintiffs have no knowledge or information sufficient to form a belief as to whether or not said Helen A. Bryant is indebted to the Covington Trust Company in a large or any sum, or for any money advanced for the payment of taxes or liens upon the trust property, and this is all there is in the record concerning any lien the trust company may have upon the property under the deed of trust. In the attachment matter it seems to the court no judgment should be rendered until after the sale by the master commissioner of the mortgaged property and the

amount of the debt remaining unpaid by the sale if any be ascertained.''

Judgment affirmed.