Paul C. DANT, Appellant,

v.

PROGRESS PAINT MANUFACTURING
COMPANY, Appellee.

Court of Appeals of Kentucky.

Jan. 17, 1958.

Wm. H. Crutcher, Jr., Joseph E. Rose, Louisville, for appellant.

Allen P. Dodd, Jr., Louisville, for appellee.

BIRD, Judge.

Appellee filed this action against Paul Dant to recover the unpaid balance of a foreign judgment. Dant, as his sole defense, asserted that the judgment sought to be collected was void for want of personal service. Appellee filed a motion for summary judgment together with supporting affidavits and Dant filed counter affidavits. On February 17, 1955, the court upon hearing the motion for summary judgment ordered that the supporting affidavits be considered as supplemental pleadings and further ordered that the proof be taken by and submitted on depositions. It was Dant's burden to prove that the foreign jugdment was void as charged in his answer. Bryant v. Shute's Ex'r, 147 Ky. 268, 144 S.W. 28; Household Finance Corp. v. Rogers, Ky., 249 S.W.2d 820.

Dant's attorney so advised and told him that he must make arrangements to pay the necessary reporting fees. Dant then dismissed this attorney and employed another. No proof was taken pursuant to the court's order. Consequently, on or about October 7, 1955, notice was served on Dant's attorney advising that, on October 13, 1955, motion for judgment would be made by plaintiff because of defendant's failure to take proof and meet the burden. Neither Dant nor his attorney was present on October 13, 1955. Judgment, however, was not taken on that day. The hearing was continued until October 21, 1955, and notice to that effect was duly served on Dant's attorney. Neither Dant nor his attorney appeared on October 21, 1955, and judgment

was entered for the sum demanded in the complaint.

Motion was filed to vacate the judgment pursuant to CR 55.02 and 60.02 (1 and 6).

### Rule 55.02

"For good cause shown the court may set aside a judgment by default in accordance with Rule 60.02."

### Rule 60.02

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (6) any other reason of an extraordinary nature justifying relief from the operation of the judgment." * * *

Various affidavits were filed in support of the motion to vacate. These supporting affidavits undertook to explain the failure of counsel to attend court on the days set for hearing. We believe the explanation to be satisfactory, and, if such failure were the only reason for granting the judgment on default, there would be no strain on the grace of the court in directing that it be vacated. However, the affidavits in support of the motion to vacate do not in any manner undertake to explain Dant's failure to take proof and prepare his case during the eight months between the court's order and the time of judgment. This failure, unexplained, was unquestionably a sound reason for entering a default judgment. This failure, unexplained, is likewise a sound reason for refusing to vacate it. If no explanation of one's default is offered upon his motion for relief it must be presumed that he has no explanation and is consequently not entitled to the relief provided by CR 55.02 and 60.02.

Nothing in the record undertakes to explain this default and the trial court properly refused to set the judgment aside.

The judgment is affirmed.