**Ralph RICHARDSON, Appellant,**

v.

**C. C. BRUNNER, Appellee.**

Court of Appeals of Kentucky.

March 6, 1959.

Rehearing Denied Oct. 16, 1959.

Robert Hubbard, H. E. Rose, Louisville, for appellant.

Josiah B. Gathright, C. L. Bell, Louisville, for appellee.

BIRD, Judge.

This action involves the title to real property.

On October 22, 1956, a default judgment was entered against Ralph Richardson in favor of C. C. Brunner.

On November 23, 1956, Richardson filed a motion to vacated the default judgment under CR 55.02 and 60.02(1–3–6). Various affidavits were filed in support of the motion and against it. The motion was heard and overruled by order on December 3, 1956. On December 28, 1956, Richardson

filed a notice of appeal by which he appealed from the order of December 3, 1956, refusing to vacate the default judgment.

On March 11, 1957, Richardson filed another motion under CR 55.02 and 60.02 (1–3–6) to vacate the default judgment of October 22, 1956, and the order of December 3, 1956, overruling his first motion to vacate under CR 55.02 and 60.02(1–3–6). This second motion of March 11, 1957, to vacate was overruled on March 15, 1957, and on the same day he filed his notice of appeal from the ruling on the second order denying relief under CR 55.02 and 60.02 (1–3–6).

On March 22, 1957, Richardson filed a third motion to vacate under CR 55.02 and 60.02(6) which sought to vacate all previous judgments and orders refusing relief under CR 55.02 and 60.02. This order was overruled on March 22, 1957, the day it was filed. Notice of appeal from that order was filed on the same day.

Richardson has appealed from each of the three orders denying him relief under CR 55.02 and 60.02(1–3–6).

We shall discuss the appeals in the same order in which they were taken. The rules relied upon read as follows:

55.02

"For good cause shown the court may set aside a judgment by default in accordance with Rule 60.02."

60.02

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason of an extraordinary nature justifying relief from the operation of the judgment." * * *

Let us consider the first motion to vacate under CR 60.02. For the purpose of this discussion we shall assume that the defendant, Richardson, had a valid defense. While highly questionable we shall likewise assume that he properly defined that defense in his motion. This does not of itself entitle the defendant to the relief sought. He must explain why he did not present that defense upon the trial and thus excuse his default. Dant v. Progress Paint Mfg. Co., Ky., 309 S.W.2d 187.

Let us consider his reasons for not defending:

(1) He says that Brunner's counsel so misrepresented certain facts to him that "he had given up all hope of saving his property" to which Brunner held a tax deed. There were some negotiations between Richardson and Brunner's counsel but the record shows that these negotiations occurred almost a year before the suit was filed. The record also discloses an affidavit by Brunner's counsel in which it is specifically sworn as follows: "There were no misrepresentations made to the said Ralph Richardson, he was merely told what Mr. Brunner would take to reconvey the property to said Richardson." If representations made long before the filing of the action may be considered within the purview of CR 60.02, the court nevertheless had sufficient evidence upon which to determine the issue against Richardson and find that there was no misrepresentation or misconduct on the part of Brunner or his counsel. We would therefore not disturb the determination of the trial court.

(2) He says that he couldn't defend the action because of his inability to pay an attorney to represent him. However, the record shows that he did procure an attorney shortly after the default judgment was taken. He does not undertake to say that he did not have the same resources before the default judgment as after. In fact, the record discloses that he owned property other than that involved in this action. The record also shows that, during the year in which this action was originally filed he was collecting rent. The record shows that he had from May until late October to make arrangements for counsel. There is sufficient evidence in the record upon which the court might determine that Richardson was able to employ counsel, and there is nothing in this motion to show that he tried to employ counsel.

(3) Finally he gives his ignorance and illiteracy as an excuse for not defending the action. He may be uneducated but the record, words to the contrary notwithstanding, shows Richardson to be a rather intelligent person. The record discloses that he knew enough to seek advice of counsel on matters about which he was uninformed. He did that before the action but there is nothing in his motion or affidavit to show that he sought advice after the action was filed.

Any action under CR 60.02 addresses itself to the sound discretion of the court and the exercise of that discretion will not be disturbed on appeal except for abuse. Fortney v. Mahan, Ky., 302 S.W.2d 842. The record fully authorizes the trial court's finding and conclusion. It is therefore the opinion of this Court that there has been no abuse of discretion and that the judgment of the trial court on the first motion should be affirmed.

In the second and third motions Richardson makes the bare assertion that he is moving under CR 60.02 and states not a single fact upon which he may base his right to use the rule for relief. Facts are stated which may have been quite pertinent to a defense of the original action but none are asserted either in the motion or by supporting affidavit to show why he was prevented from asserting those facts in the original action. In other words there is nothing in either of the motions which tends to explain the default. In Dant v. Progress Paint Mfg. Co., Ky., 309 S.W.2d 187 we explicitly held that, under those conditions, the moving party is presumed to have no explanation. The showings made in the second and third motions are wholly insufficient and the trial court was correct in denying the relief sought.

For the reasons stated each of the three orders of the trial court are affirmed.