**Ralph RICHARDSON, Appellant,**

v.

**C. C. BRUNNER, Appellee.**

Court of Appeals of Kentucky.

Oct. 23, 1959.

Frank E. Haddad, Jr., H. E. Rose, Robert Hubbard, Louisville, for appellant.

C. L. Bell, Josiah B. Gathright, Louisville, for appellee.

STEWART, Judge.

The appeal now before us grows out of a fourth attempt by motion to vacate a default judgment, pursuant to CR 55.02 and CR 60.02(4), on the ground that it was void ab initio. This appeal was taken from the order overruling the motion. The judgment was rendered on October 22, 1956, against appellant, Ralph Richardson, in favor of appellee, C. C. Brunner, in the Jefferson Circuit Court. It vested Brunner with fee simple title to certain real estate in Louisville which Richardson claimed he owned.

The other three motions which sought the same relief on the same ground were overruled and, on an appeal to this Court from the order entered, were all dealt with in an opinion styled Richardson v. Brunner, Ky., 327 S.W.2d 572. The facts are fully set forth in the opinion and we shall not repeat them. We there held that the three motions were properly overruled.

Although the above opinion does not specifically state that the judgment rendered in the original action was a valid one, such a determination in this respect may be plainly inferred from the refusal of this Court to uphold any of appellant's contentions on the former appeal, with the result

that the judgment was left undisturbed. However, in order to dispel any doubt that may now exist on this point, we unequivocally hold the judgment must stand as entered in the lower court.

The instant motion undertakes to relitigate, as did the other three motions, the same issue between the same parties as regards the same subject matter, namely, that the judgment is a nullity so that Richardson still owns the property, but it is our view this issue has been finally and conclusively adjudicated. In other words, the doctrine of res judicata applies and bars any further litigation of this issue.

Wherefore, the judgment is affirmed.