**Gary Eugene MONEY,
Appellant/Cross–
Appellee,**

v.

**Renee MONEY, Appellee/Cross–
Appellant.**

Nos. 2007–CA–001750–MR,
2007–CA–001810–MR.

Court of Appeals of Kentucky.

Oct. 16, 2009.

Elmer J. George, Dallas E. George (argued), Lebanon, KY, for appellant/cross-appellee.

Susan Hanrahan McCain (argued), Springfield, KY, for appellee/cross-appellant.

Before ACREE and CLAYTON, Judges; HARRIS,[1] Senior Judge.

1. Senior Judge William R. Harris sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Ken-

## OPINION

HARRIS, Senior Judge (Assigned).

Gary Eugene Money[2] appeals from an order assigning him additional marital debt subsequent to a settlement agreement. Gary argues that the settlement agreement is ambiguous and that the trial court erred by assigning him additional debt, which he alleges was unknown at the time of the settlement agreement. On cross-appeal, Renee Money argues that the settlement agreement was unconscionable.

Gary and Renee were married in Taylor County, Kentucky, in 1974. In 2005, Renee filed a petition for dissolution of their marriage. The parties, each represented by counsel, mediated the outstanding issues in the divorce action. The settlement agreement was approved and incorporated into the decree of dissolution of marriage, which the Taylor Circuit Court entered on June 19, 2006.

Under subsection (1)(f) of the settlement agreement, Renee received four Ameriprise accounts with the following balances: (1) IRA Money Market Fund, $150.00; (2) Joint Mutual Funds, $84,640.00; (3) her IRA Mutual Fund, $9,135.00; and (4) Joint Security Account, $104,723.00. Renee agreed to assume and pay the mortgage indebtedness owed on the four-plex apartment and the balances owed on two credit cards pursuant to subsection (3) of the agreement. Gary agreed to assume and pay "all other indebtedness" pursuant to subsection (4) of the agreement.

After the divorce became final, Ameriprise began to allocate the financial accounts to the parties. In conjunction with the Ameriprise accounts, there was a mar-gin loan account with a negative cash balance of $58,469.52. This debt was not reflected in the settlement agreement. Ameriprise placed the margin loan account in Renee's name because it believed that the indebtedness followed the account that Renee received.

Subsequently, Renee filed three motions: (1) to transfer the margin loan account to Gary's name; (2) to find the settlement agreement unconscionable; and (3) to alter, amend, or vacate the judgment. Following a hearing, the trial court granted the motion to transfer the margin loan account. It denied the motion to find the settlement agreement unconscionable, and denied the motion to alter, amend, or vacate as untimely. The appeal and cross-appeal followed.

■ Gary argues that the settlement agreement is ambiguous regarding the assignment of the margin loan account and must be interpreted against Renee because her counsel drafted the agreement.

■ The terms of a settlement agreement set forth in a decree of dissolution of marriage are enforceable as contract terms. KRS 403.180(5). The construction and interpretation of a contract is a matter of law and is reviewed under the *de novo* standard. *Cinelli v. Ward,* 997 S.W.2d 474, 476 (Ky.App.1998).

As stated above in the recitation of the facts, the debt assigned to Renee was specifically set forth in the agreement. The margin loan account was not mentioned specifically in the agreement. However, subsection (4) of the agreement provided that Gary "shall assume and pay **all other indebtedness.**" (Emphasis added). We find that this provision is unambiguous and

---

tucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

2. We refer to the parties by their given names for the sake of clarity and with no disrespect intended.

means exactly what it says. The margin loan account is simply other indebtedness and must be paid by Gary under the terms of the settlement agreement.

Next, Gary argues that the trial court erred by assigning him the margin loan account because the debt was unknown at the time the parties entered into the settlement agreement, therefore, the parties could not have intended for the debt to be included in the agreement.

■ We have determined that the settlement agreement is unambiguous regarding the assignment of debt. "Absent an ambiguity in the contract, the parties' intentions must be discerned from the four corners of the instrument without resort to extrinsic evidence." *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 385 (Ky.App.2002). "The fact that one party may have intended different results, however, is insufficient to construe a contract at variance with its plain and unambiguous terms." *Id.*

The settlement agreement explicitly stated the amounts that Renee was to receive from the Ameriprise accounts. The margin loan account was not listed. The debts Renee assumed were specifically listed in the agreement. Gary agreed to assume and pay all other indebtedness. "All other indebtedness" means all other indebtedness. The trial court did not err by assigning the margin loan account to Gary.

■ Finally, Gary cites Kentucky Rules of Civil Procedure (CR) 59.02 and CR 59.05 for the proposition that Renee's motion to assign the margin loan account to him was untimely because it occurred more than 10 days after the decree of dissolution was entered. We disagree. The motion, which the trial court granted, was not to alter, amend, or vacate the provisions of the decree. Rather, it was filed to request enforcement of the terms of the agreement as written. The jurisdiction to enforce judgments remains in the trial court. *Penrod v. Penrod*, 489 S.W.2d 524, 527–28 (Ky.1972).

On cross-appeal, Renee argues that the settlement agreement is unconscionable because the proportion of the property division is manifestly unfair.

■ KRS 403.180(4) requires trial courts to consider the conscionability of a settlement agreement prior to incorporating it into the decree of dissolution. Settlement agreements may be set aside on the ground of unconscionability if the trial court determines that the terms are manifestly unfair or unreasonable. *McGowan v. McGowan*, 663 S.W.2d 219, 222 (Ky.App. 1983). Agreements may also be set aside if they are the result of fraud, undue influence, or overreaching. *Id.* If the settlement agreement is initially approved by the trial court, it may nevertheless be later modified if the party challenging the agreement can demonstrate that the agreement has become unconscionable because of changed circumstances. *Bailey v. Bailey*, 231 S.W.3d 793, 796 (Ky.App.2007).

■ The trial court approved the agreement and incorporated it by reference into the decree of dissolution. Both parties were represented by counsel throughout all stages of negotiation. In fact, Renee's own counsel drafted the settlement agreement. Renee's motions were filed by successor counsel after her original counsel was allowed to withdraw. In Renee's brief, she complains that the settlement agreement is lopsided. However, she fails to note her entitlement to the household furnishings, appliances, and antiques and her share of the 2005 income tax refunds. More importantly, Renee has not alleged a change of circumstances that has rendered the agreement unconsciona-

ble. The record reflects that she willingly entered into the agreement and was represented by competent counsel throughout the proceedings. A mere discrepancy in the amounts received by each party under a settlement agreement is not enough to render the agreement unconscionable. *Peterson v. Peterson,* 583 S.W.2d 707, 712 (Ky.App.1979). Based upon our review of the record, we cannot conclude that the trial court abused its discretion by finding the settlement agreement conscionable.

Accordingly, we affirm the order of the trial court in its entirety.

ALL CONCUR.