RENDERED: FEBRUARY 26, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1244-MR

DERRICK AKINS                                                    APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.      HONORABLE SUSAN SCHULTZ GIBSON, JUDGE
ACTION NO. 14-CR-002926


COMMONWEALTH OF KENTUCKY                              APPELLEE


AND                      NO. 2020-CA-0236-MR


DERRICK D. AKINS                                              APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.      HONORABLE SUSAN SCHULTZ GIBSON, JUDGE
ACTION NO. 14-CR-002926


COMMONWEALTH OF KENTUCKY                              APPELLEE

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

ACREE, JUDGE:  Derrick Akins brings two appeals to this Court.  In the first, Akins appeals the trial court's March 21, 2019 order denying his CR[1] 60.02 motion to vacate his May 25, 2017 judgment of conviction.  In the second, Akins appeals an October 15, 2019 order reversing the trial court's prior finding of indigency. Having reviewed the record in both case, we find no error and affirm both orders of the Jefferson Circuit Court.

## BACKGROUND

Akins's convictions stemmed from three different, violent altercations with his girlfriend.[2]  He was arrested and charged with:  (1) two counts of assault in the first degree; (2) one count of assault in the second degree; and (3) being a persistent felony offender, first degree.

Akins entered a conditional guilty plea reserving his right to appeal. He was sentenced to serve a total of ten years in prison on the three assault charges consistent with the terms of his plea deal.  In his direct appeal from the conviction,

---

[1] Kentucky Rules of Civil Procedure.

[2] These altercations resulted in Akin:  (1) strangling his girlfriend; (2) cutting his girlfriend on the side of the neck with a box cutter; and (3) stabbing his girlfriend with a kitchen knife.

Akins argued his statements to the police detective were coerced and the Commonwealth inappropriately influenced the grand jury's decision by mischaracterizing his girlfriend's injury as a "sliced throat." This Court affirmed the judgment of conviction and sentence. *Akins v. Commonwealth*, No. 2017-CA-000991-MR, 2018 WL 3954277 (Ky. App. Aug. 17, 2018).

Before this Court rendered its opinion, Akins filed a CR 60.02 motion to vacate the judgment. His grounds mirrored the arguments he made in the direct appeal, and the trial court denied his motion. Once this Court rendered the opinion affirming his conviction, Akins filed a second CR 60.02 motion. The basis for the motion was already expressly argued on appeal. The trial court denied his motion having concluded Akins previously raised—and lost—the same argument that the police detective misrepresented facts to the grand jury. Akins requested the trial court to reconsider, but the motion was denied. This appeal followed.

While the appeal of the order denying CR 60.02 relief was pending, the Department of Corrections (DOC) filed a motion with the trial court to set aside its September 19, 2019 order that barred the DOC from charging Akins's inmate account for copying and postage services based on his indigency. According to the DOC's motion, the trial court erred by determining whether Akins was indigent using the wrong standard. "Indigent," as it pertains to

individuals committed to the custody of the DOC, is defined by CPP[3] 15.7. That policy states "indigent" means "an inmate who has maintained a balance in his inmate account of $5.00 or less for thirty (30) days prior to requesting indigent status." On October 15, 2019, the trial court acknowledged its error and vacated its prior order barring the DOC from charging Akins for copies and postage.

Akins timely served and filed a CR 59.05 motion to alter, amend, or vacate the October 15, 2019 order, but the trial court denied the motion.[4] Akins's second appeal seeks reversal of the October 15, 2019 order.

## STANDARD OF REVIEW

Our standard of review of a trial court's denial of a CR 60.02 motion is whether the trial court abused its discretion. *Richardson v. Brunner*, 327 S.W.2d 572, 574 (Ky. 1959). The test for abuse of discretion is whether the trial court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

Whether the trial court properly determined Akins was not indigent for purposes of obtaining free copying and postage services involves questions of

---

[3] Corrections Policy and Procedures.

[4] Akins served his motion on October 24, 2019, within the 10-day timeframe required under CR 59.05, and he delivered the original to the circuit court clerk. It is filed of record in the proper sequence. However, from an apparent clerical error, the motion was never docketed. Akins apparently discovered the error and refiled his motion on December 16, 2019, after realizing the court took no action to hear his motion. The trial court finally ruled on the motion on January 3, 2020. Therefore, the time for filing a notice of appeal was properly suspended.

fact and law, and this Court's review is governed by CR 52.01. *Kentucky Properties Holding LLC v. Sproul*, 507 S.W.3d 563, 568-69 (Ky. 2016) (while deferential to the trial court's fact finding, appellate court reviews legal determinations and conclusions *de novo*).

## ANALYSIS

*Appeal No. 2019-CA-1244-MR*

Akins contends the trial court erred by denying his CR 60.02 motion and failing to make findings of fact and conclusions of law. We disagree and affirm the trial court's decision.

The trial court issued an order on March 21, 2019, denying Akins's CR 60.02 motion. In that written order, the trial court specifically laid out the reasons why it denied Akins's request. We conclude the trial court's findings were more than sufficient to support the legal conclusions reached.

Furthermore, Akins appears to labor under the impression that a motion for additional findings compels the trial court to make them. He is mistaken. "CR 52.02 does not require a trial court to make additional findings in response to a motion. The rule simply states that the court 'may amend its findings or make additional findings' in response to a motion. By its own terms, the rule permits the trial court to determine the sufficiency of its factual findings." *McKinney v. McKinney*, 257 S.W.3d 130, 134 (Ky. App. 2008) (citations omitted).

-5-

This Court concurs in the trial court's conclusion that its fact finding was sufficient.

The trial court also did not err in denying Akins's request to vacate the judgment. CR 60.02 is not intended merely as an additional opportunity to relitigate the same issues which could "reasonably have been presented" by direct appeal or in RCr[5] 11.42 proceedings. RCr 11.42(3); *Gross v. Commonwealth*, 648 S.W.2d 855-56 (Ky. 1983). The purpose of this part of the rule is to avoid relitigating issues which either were or could have been addressed sooner, deftly balancing the interests of due process on the one hand and the need for judicial economy and consistency on the other.

As stated in *Gross*, CR 60.02 was enacted as a substitute for the common law writ of *coram nobis*.

> The purpose of such a writ was to bring before the court that pronounced judgment errors in matter of fact which (1) had not been put into issue or passed on, (2) were unknown and could not have been known to the party by the exercise of reasonable diligence and in time to have been otherwise presented to the court, or (3) which the party was prevented from so presenting by duress, fear, or other sufficient cause. Black's Law Dictionary, *Fifth Edition*, 487, 1444.

*Id.* at 856. In summary, CR 60.02 is available only to raise issues which cannot be raised in other proceedings.

---

[5] Kentucky Rules of Criminal Procedure.

Akins already raised the issue of the grand jury testimony in a previous appeal to this Court. This Court affirmed his judgment and sentence. He failed to avail himself of that opportunity to raise constitutionality claims. It is not proper to do so now. Akins cannot identify any argument, including his constitutionality claims, that would satisfy any of the six categories of grounds for CR 60.02 relief. Therefore, we affirm the trial court in denying Akins's CR 60.02 motion.

*Appeal No. 2020-CA-0236-MR*

Akins argues his right to free copies and postage is governed by KRS[6] Chapter 31 because that section governs the trial court's findings of indigency. However, that statute only entitles a criminal defendant to representation by an attorney and to be provided with the necessary services and facilities of representation. KRS 31.110(1).

Akins does not challenge the fact finding regarding his being in DOC custody or the amounts in his prison account. His purely legal argument is that the trial court's original order that relied on KRS 31.110(1) was correct as a matter of law, and that its subsequent application of CPP 15.7 was legal error. Akins has it backwards. The October 15, 2019 order recognizing CPP 15.7 as the law governing these facts corrected the trial court's own error and is legally correct.

---

[6] Kentucky Revised Statutes.

## CONCLUSION

For the foregoing reasons, the Jefferson Circuit Court's orders are affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Derrick Akins, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE IN APPEAL
NO. 2019-CA-1244-MR:

Daniel Cameron
Attorney General of Kentucky

Perry Ryan
Assistant Attorney General
Frankfort, Kentucky

BRIEF FOR APPELLEE IN APPEAL
NO. 2020-CA-0236-MR:

Daniel Cameron
Attorney General of Kentucky

Allison Brown
Assistant Attorney General
Frankfort, Kentucky