RENDERED:  MARCH 3, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0360-MR

JUSTIN ALAN LYONS                                                    APPELLANT


APPEAL FROM FRANKLIN FAMILY COURT
v.          HONORABLE SQUIRE N. WILLIAMS, III, JUDGE
ACTION NO. 20-CI-00853


LAURA GRACE LYONS                                                   APPELLEE


OPINION
AFFRIMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CETRULO AND ECKERLE, JUDGES.

ECKERLE, JUDGE:  Justin Alan Lyons ("Husband") appeals from an order and decree of the Franklin Family Court which found his settlement agreement with Laura Grace Lyons ("Wife") to be not unconscionable and adopting its terms as part of the decree of dissolution of Marriage.  We conclude that the Family Court's

findings were not clearly erroneous and that the Court did not abuse its discretion by adopting the agreement into the decree. Hence, we affirm.

Husband and Wife were married in 2012. Three children were born of the marriage. On October 23, 2020, Wife filed a petition for dissolution of the marriage. In response, Husband filed a *pro se* entry of appearance and waiver of formal service of process. The parties also filed a "Separation, Support, Custody and Property Settlement Agreement" ("the Agreement"). The Agreement set out provisions for division of property and debts, custody, and support. In pertinent part, the Agreement provides:

> The wife is a stay-at-home mom and is not currently working, therefore she requires temporary maintenance to support the parties' minor children. In lieu of maintenance, the husband will pay child support to the wife in the amount of $3,500.00 for a period of sixty (60) months. After 60 months, either party shall be entitled to modify this amount to reflect the termination of maintenance. The new amount shall not be less than the guidelines for child support set forth in KRS[1] 403.212.

The Agreement separately provided that Wife "will have sole custody of the parties' minor children, and the husband will have timesharing by agreement of the parties at the wife's discretion." On October 30, 2020, the Family Court entered its findings of fact, conclusions of law, and decree of dissolution of

---

[1] Kentucky Revised Statutes.

marriage. The Court adopted the parties' Agreement, concluding that its provisions were "not unconscionable."

In June of 2021, Wife filed a motion to compel and show cause why Husband should not be held in contempt for his failures to pay the support obligation set forth in the Agreement. Husband responded with a motion to set aside the dissolution decree, arguing that the 60-day requirement of KRS 403.044 had not been met. He separately argued that the Agreement's provisions regarding timesharing and child support were unconscionable.

On the former issue, the Family Court agreed with Husband that the decree had been improperly entered. On August 10, 2021, the Family Court entered an order vacating the decree. Following a hearing, the Family Court entered an order finding the Agreement's terms relating to maintenance and child support were not unconscionable. The Court also found that Husband failed to show that he entered into the Agreement under duress. The Court, having previously entered a new decree of dissolution, designated that the decree be deemed entered as of August 7, 2021. Husband now appeals. Additional facts will be set forth below as necessary.

Husband argues that the Family Court erred in its finding that the Agreement was not unconscionable. He argues that the terms of the Agreement are unconscionable because the support obligation exceeds his monthly income.

On similar grounds, he also contends that the Agreement's term assigning him the marital credit card debt was unconscionable. We first note that Husband did not raise the latter issue while he was before the Family Court. "It has long been this Court's view that specific grounds not raised before the trial court, but raised for the first time on appeal will not support a favorable ruling on appeal." *Jones v. Livesay*, 551 S.W.3d 47, 52 (Ky. App. 2018) (quoting *Fischer v. Fischer*, 348 S.W.3d 582, 588 (Ky. 2011)). Because this issue is not properly preserved, we decline to address it further.

We must also point out that an appellant's brief must include "ample supportive references to the record and citations of authority pertinent to each issue of law and [ ] shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." CR[2] 76.12(4)(c)(v). *See also* RAP[3] 32(4) (*eff.* 01-01-23). Husband's brief does not include a preservation statement at the beginning of his argument. And while his brief includes citations to the Family Court record, it does not include any citations to the video record of the hearing.

In the recent case of *Ford v. Commonwealth*, 628 S.W.3d 147 (Ky. 2021), our Supreme Court re-examined the options available to a reviewing court

---

[2] Kentucky Rules of Civil Procedure.

[3] Kentucky Rules of Appellate Procedure.

where a litigant fails to comply with the civil rules. It reiterated the options as set forth in *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (citing *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990)): ignore the deficiency, strike the brief, or review for manifest injustice only. However, the Court limited the option of employing the manifest injustice standard of review "only for errors in appellate briefing related to the statement of preservation." *Ford*, 628 S.W.3d at 155. Although Husband failed to include a preservation statement, he is clearly appealing from the order finding the Agreement to be not unconscionable, as well as the decree adopting the Agreement's terms into the judgment. In this respect, he properly preserved his challenge to the Family Court's order with respect to the award of child support. Nevertheless, this Court is not obligated to search the record for evidence in support of a party's argument. *See Smith v. Smith*, 235 S.W.3d 1, 5 (Ky. App. 2006).

While Husband did not provide adequate citations to the video record, our inquiry remains the same. KRS 403.180(1) permits parties to a marriage "to enter into a written separation agreement containing provisions for maintenance of either of them, disposition of any property owned by either of them, and custody, support and visitation of their children." KRS 403.180(2) further provides:

> In a proceeding for dissolution of marriage or for legal separation, the terms of the separation agreement, except those providing for the custody, support, and visitation of children, are binding upon the court unless it finds, after

considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unconscionable.

A separation agreement may be set aside as unconscionable if the family court determines that it is manifestly unfair or unreasonable. *McGowan v. McGowan*, 663 S.W.2d 219, 222 (Ky. App. 1983) (citations omitted). It may also "be set aside if it results from fraud, undue influence, or overreaching." *Id.*; *Money v. Money*, 297 S.W.3d 69, 72 (Ky. App. 2009). The party challenging the agreement must carry a "definite and substantial" burden of proof. *Peterson v. Peterson*, 583 S.W.2d 707, 711 (Ky. App. 1979) (citation omitted). *See also Mays v. Mays*, 541 S.W.3d 516, 524 (Ky. App. 2018).

This Court reviews the Family Court's findings regarding unconscionability for abuse of discretion. "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). More specifically, a court abuses the discretion afforded it when "(1) its decision rests on an error of law . . . or a clearly erroneous factual finding, or (2) its decision . . . cannot be located within the range of permissible decisions." *Miller v. Eldridge*, 146 S.W.3d 909, 915 n.11 (Ky. 2004) (cleaned up).

A Trial Court's findings of fact will only be disturbed if clearly erroneous. CR 52.01; *Cherry v. Cherry*, 634 S.W.2d 423, 425 (Ky. 1982). A

finding of fact is clearly erroneous if it is not supported by substantial evidence. *Hunter v. Hunter*, 127 S.W.3d 656, 659 (Ky. App. 2003). "Substantial evidence is evidence, when taken alone or in light of all the evidence, which has sufficient probative value to induce conviction in the mind of a reasonable person." *Id.* (citing *Owens-Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409, 414 (Ky. 1998); *Sherfrey v. Sherfrey*, 74 S.W.3d 777, 782 (Ky. App. 2002)). The Family Court is in the best position to weigh the evidence and determine if a separation agreement is unconscionable or if it resulted from duress, undue influence, or overreaching. *Shraberg v. Shraberg*, 939 S.W.2d 330, 333 (Ky. 1997).

In its findings, the Family Court noted that the only direct evidence of Husband's income was his 2019 tax return, which showed an adjusted gross income of $16,850.00, and his 2020 return, which showed an adjusted gross income of $22,064.00. Since the child support obligation exceeds his documented monthly income, Husband states that he is unable to meet that obligation. Consequently, he argues that the Agreement is manifestly unfair and unreasonable.

However, "a bad bargain and unconscionability [are] . . . not synonymous." *Pursley v. Pursley*, 144 S.W.3d 820, 827 (Ky. 2004) (quoting *Shraberg*, 939 S.W.2d at 333). The Family Court acknowledged the tax returns did not indicate an income that could sustain a $3,500.00 monthly obligation. But in his post-hearing memorandum, Husband stated he anticipated that his business

was doing well and that he would gross approximately $100,000.00 for 2021. The Family Court also noted that Husband admitted to receiving additional payments that were not reflected on these returns. The Court also pointed to evidence of the parties' lifestyle during the marriage and leading up to the execution of the Agreement. The Court found this lifestyle indicated Husband had a sufficient earning capacity to meet his obligation under the Agreement. Finally, the Family Court noted that the $3,500.00 monthly obligation in the Agreement was designated to cover both maintenance and child support. The Court concluded that this amount was reasonable under the circumstances.

Husband does not show that these conclusions were clearly erroneous. Furthermore, he does not appeal from the Family Court's finding rejecting his claims of duress, fraud, or undue influence. Therefore, we cannot find that the Family Court abused its discretion in finding the Agreement to be not unconscionable or in adopting the Agreement as part of the decree.

Accordingly, we affirm the order of the Franklin Family Court.

ALL CONCUR.


BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Kevin P. Fox                            Corey M. Nichols
Frankfort, Kentucky                     Lexington, Kentucky