RENDERED: JANUARY 26, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0246-MR

DAVID GIBBS                                                           APPELLANT

v.
APPEAL FROM CAMPBELL CIRCUIT COURT
HONORABLE ABIGAIL E. VOELKER, JUDGE
ACTION NO. 21-CI-00934

LORA GIBBS                                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE: This is an appeal from a dissolution of marriage, wherein the Campbell County Circuit Court, Family Division, equitably divided various marital and nonmarital assets. The Decree of Dissolution was entered on November 8, 2022. The Appellant is David Gibbs, (David). The Appellee is Lora Gibbs, (Lora). David filed a motion for post-judgment relief pursuant to CR[1] 59 and

---

[1] Kentucky Rules of Civil Procedure.

60.02, which was denied.  He appeals to this Court as a matter of right.  For the following reasons, we affirm.

## STANDARD OF REVIEW

A recent panel of this Court has summarized the relevant standards of review as follows:

> KRS 403.190 governs the disposition of marital property in a dissolution of marriage.  Family courts have broad discretion in dividing marital property, and this Court may not disturb a family court's ruling on the division of marital property unless it has abused its discretion.  *Smith v. Smith*, 235 S.W.3d 1, 6 (Ky. App. 2006) (citation omitted).  "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles."  *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).  Similarly, we review denial of a CR 60.02 motion for an abuse of discretion.  *Age v. Age*, 340 S.W.3d 88, 94 (Ky. App. 2011) (citing *Richardson v. Brunner*, 327 S.W.2d 572, 574 (Ky. 1959)).  "The decision as to whether to grant or to deny a motion filed pursuant to the provisions of CR 60.02 lies within the sound discretion of the trial court."  *Id.* (citation omitted).

*Lusardi v. Lusardi*, No. 2022-CA-1305-MR, 2023 WL 6522185, at *3 (Ky. App. Oct. 6, 2023).  Similarly, "[a] trial judge's ruling pursuant to CR 59.05 is reviewed by an appellate court under the abuse of discretion standard."  *Bowling v. Kentucky Dep't of Corr.*, 301 S.W.3d 478, 483 (Ky. 2009), *as corrected* (Jan. 4, 2010).  With these standards in mind, we now return to the arguments and record at issue in the present case.

## ANALYSIS

In its order denying post-judgment relief, the family court aptly summarized the underlying facts and issues, in relevant part, as follows:

> [David] alleges the Court abused its discretion when it did not give [David] credit for a $15,000 down payment on the marital residence. [David] also takes issue that the Court did not reserve on the issue of valuation of the marital residence and order an appraisal. [David] alleges issues with the adequacy of prior counsel's representation during the pendency of the proceedings.
>
> First, to address [David's] issues with prior counsel is outside the scope of this Court and is not grounds to warrant relief under CR 59 or CR 60.02. [David] has remedies available to him if he believes his prior counsel's representation was inadequate, but that is not for this Court to determine.
>
> [David] alleges that the Court abused its discretion when it did not give [David] credit for a $15,000 down payment on the marital residence. The party claiming a nonmarital interest bears the burden to show such by clear and convincing evidence. *See Sexton v. Sexton*, 125 S.W.3d 258 (Ky. 2004). [David] did not provide supporting evidence at the trial showing any nonmarital interest, and [Lora] was not willing to concede such, as stated on the record (VR at 48:40). The Court made a determination using the information it had at the time of the hearing. While [David] also notes that paperwork was subsequently discovered after the trial which might support his nonmarital claim, the onus was on [David] to come prepared to trial. Further, due diligence would have allowed for the evidence to be discovered prior to trial. [David] noted at the trial on November 7, 2022 that he could have had his mother testify regarding the down payment, however, he did not call her as a witness.

> [David] also notes that the Court should have ordered an appraisal of the marital property to determine a valuation. Once again, the Court weighed the evidence as it was presented by the parties at the trial. The Court has discretion with respect to weighing evidence, determining credibility, etc.

During trial, David's counsel requested that David get credit for the $15,000 down payment. The parties and the court then discussed whether that issue was waived by not requesting that credit in the necessary pre-trial disclosures. Thereafter, David testified, in relevant part, that:

> I had a 15,000 down payment and it wasn't just five months in the home. It was two years prior to that that I was making house payments, so the amount I paid into the house was around $30,000. I am fine not accepting, and I could not get paperwork, I went to Fifth/Third, I called the mortgage company. It's too old, they don't have anything that says when it was the first time that the home was documented with that. The house payment was in November of, I believe of '95, when we refinanced in both of our names.

In support of his argument that the court erred in not assessing the down payment as David's nonmarital asset, he relies primarily on *Chenault v. Chenault*, 799 S.W.2d 575 (Ky. 1990). The Supreme Court has summarized a similar issue and *Chenault* as follows:

> The presumption in Kentucky is that all property acquired during the course of the marriage is marital property, unless the property can be shown to have originated in one of the excepted ways outlined in KRS 403.190(2). A party claiming that property acquired during the marriage is other than marital property, bears

the burden of proof. KRS 403.190(3), *Brosick v. Brosick*, Ky. App., 974 S.W.2d 498 (1998). While the word does not appear in the statute, judicial construction of KRS 403.190 has given rise to the concept of "tracing." *Chenault v. Chenault*, Ky., 799 S.W.2d 575 (1990). In *Chenault*, this Court recognized that tracing to a mathematical certainty is not always possible, noting that: "While such precise requirements for nonmarital asset-tracing may be appropriate for skilled business persons who maintain comprehensive records of their financial affairs, such may not be appropriate for persons of lesser business skill or persons who are imprecise in their record-keeping abilities." *Id.* at 578.

. . . While *Chenault* recognized the potential difficulties of tracing and sought to relax the draconian requirements laid down in prior case law, it did not do away with the tracing requirements altogether.

*Terwilliger v. Terwilliger*, 64 S.W.3d 816, 820-21 (Ky. 2002), *as modified* (Feb. 11, 2002). In consideration of the foregoing, we agree with Lora, that the present case does not turn on the necessity or adequacy of asset tracing. Rather, this present issue was addressed succinctly by the family court in its findings of fact in support of the Decree of Dissolution:

Pursuant to testimony, Husband owned the home prior to the parties' marriage, though the actual time of such was in dispute. Husband conceded that he did not have any paperwork to prove any nonmarital interest and further Husband waived any nonmarital Interest by failing to make such claim on the parties' Final Verified Disclosure filed with the Court.[2]

---

[2] *See* Kentucky Family Court Rules of Practice and Procedure (FCRPP) 3(b); and Rules of Court Practice and Procedure for the 17th Judicial Circuit, Family Court Division, Rule 7(A).

Therefore, having reviewed the record, law, and the arguments presented, we cannot conclude that the family court abused its discretion here. We further conclude that the court did not abuse its discretion in denying David's motion for post-judgment relief.

## **CONCLUSION**

For the foregoing reasons, we affirm the family court's Findings and Decree of Dissolution entered on November 8, 2022. We also affirm the court's denial of David's request for post-judgment relief entered on January 23, 2023.

ALL CONCUR.

BRIEF FOR APPELLANT:

Marvin A. Knorr III
Covington, Kentucky

BRIEF FOR APPELLEE:

Thomas L. Rouse
Ft. Mitchell, Kentucky