RENDERED:  JUNE 21, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1006-MR

PATRICIA ANN PATTEN (NOW
NAVE)                                                                              APPELLANT


                              APPEAL FROM FAYETTE CIRCUIT COURT
v.                            HONORABLE LIBBY G. MESSER, JUDGE
                              ACTION NO. 10-CI-04382


WILLIAM EARLY PATTEN                                                  APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND CALDWELL, JUDGES.

ACREE, JUDGE:  Patricia Patten (now Nave) appeals the Fayette Family Court's

June 5, 2023 Order Denying Motion for Evidentiary Hearing and to Set Aside

Settlement Agreement, wherein the family court denied both Nave's motion to

enforce Paragraph 18 of the parties' Property Settlement Agreement and her CR[1]

---

[1] Kentucky Rules of Civil Procedure.

60.02 motion, as well as Nave's motion for attorneys' fees. Because we do not detect reversible error in the family court's ruling, we affirm.

This appeal marks the third time these parties have appeared before this Court related to the dissolution of their marriage.[2] Nave and Appellee, William Patten, were married in 1981. Nave filed her petition for dissolution of the marriage in 2010. As we have noted previously, the divorce was contentious.

Nave believed Patten hid assets and concealed income. Prior to entry of the Settlement Agreement, the parties engaged in substantial discovery which revealed no such hidden assets or income. Despite this, the parties included the following paragraph in the Settlement Agreement:

> 18. DISCLOSURE. The parties hereby agree that this Separation and Property Settlement Agreement has been reached after both parties have made full disclosure of all assets and liabilities and this agreement is predicated upon each party being fully aware of the financial resources of the other. If either party has failed to disclose any assets of any nature, said asset shall be deemed joint property of the parties subject to division by the Fayette Family Court and this Agreement shall be amended to provide for an equitable division of said asset.

The family court incorporated the Settlement Agreement in the parties' December 11, 2011 decree of dissolution.

---

[2] *Patten v. Patten*, No. 2015-CA-001812-MR, 2017 WL 729777 (Ky. App. Feb. 24, 2017); *Patten v. Patten*, No. 2017-CA-000784-MR, 2019 WL 2157580 (Ky. App. May 17, 2019).

On December 11, 2015 – four years after the family court entered its decree of dissolution – Nave filed a motion to enforce paragraph 18 of the Settlement Agreement and a motion to set aside the decree of dissolution and re-open the Settlement Agreement pursuant to CR 60.02(d) on the basis of fraud affecting the proceedings. She filed an amended motion to enforce on January 28, 2016, and re-filed her CR 60.02 motion on April 18, 2016.

As the basis for her motions, Nave argued Patten produced documents in a probate action in Oklahoma that contradicted his sworn testimony in the parties' divorce proceeding; she argued these documents revealed Patten made purchases with and transferred money into undisclosed bank and brokerage accounts in order to conceal marital assets. Additionally, she claimed she discovered a compact disc in September 2015 containing, among other documents, a 2001 letter referencing accounts with Merrill Lynch. Nave argued that, because the letter requested that Merrill Lynch liquidate the accounts and send Patten a check for the balance, Patten had lied when he testified his Merrill Lynch accounts were depleted by 1984.

In response, Patten asserted he did not have Merrill Lynch accounts when the parties filed for divorce in 2010, and that the funds from the Merrill Lynch accounts were transferred to other accounts which he disclosed, and which were specifically allocated in the Settlement Agreement. As for her arguments

related to other undisclosed accounts, Patten asserted these arguments were untimely.

On December 22, 2016, the family court entered an order denying Nave's CR 60.02(d) motion as untimely. On April 19, 2017, the family court entered an order denying Nave's motion to alter, amend, or vacate and which stated specifically that the December 22, 2016 order denied Nave's motion to enforce the settlement agreement as well as all other pending motions.

Nave appealed, and this Court reversed and remanded this matter to the family court. We determined that resolving Nave's CR 60.02 motion did not resolve her motion to enforce the settlement agreement and that this omission was error. We concluded:

> In sum, we find the trial court erred when it summarily denied Nave's motion to enforce paragraph 18 of the Settlement Agreement. On this issue, we reverse and remand for additional proceedings. On remand, the trial court must find as fact under the agreement: (1) whether an asset not disclosed at the time the parties executed the Settlement Agreement existed; and (2) if it finds a non-disclosed asset, it must then equitably divide the asset between the parties, taking into consideration the Settlement Agreement and in accordance with KRS 403.190.

*Patten v. Patten*, No. 2017-CA-000784-MR, 2019 WL 2157580, at *7 (Ky. App. May 17, 2019).

As to Nave's CR 60.02 motion, we determined the family court's analysis was insufficient. We instructed the family court on remand as follows:

> On remand, the trial court must first determine whether Nave's motion properly falls under CR 60.02(c), perjury or falsified evidence, or CR 60.02(d), fraud affecting the proceedings. It must then determine, based on that initial finding, whether the motion was timely filed. If Nave clears those hurdles, the trial court must determine whether she adequately established fraud affecting the proceedings to justify re-opening the decree and modifying or setting aside the Settlement Agreement.

*Id*. at *9. Further, we explicitly noted that "[n]othing in this Opinion should be construed as dictating the outcome of either motion" and that these determinations are left "fully and squarely to the trial court's sound discretion." *Id*.

Following remand, the family court learned Nave was engaged in additional discovery when Patten filed a motion for protective order in November of 2020. Patten requested the family court to prohibit Nave from conducting any additional discovery beyond that which she performed for her original motion in 2015. The family court denied the motion and directed Patten to produce all documents in his possession regarding the Merrill Lynch accounts referenced in the letter discovered on the compact disc. The family court did so because this information would be critical to both Nave's motion to enforce and her CR 60.02 motion.

On December 6, 2021, Nave filed a motion for an evidentiary hearing on her motion to enforce the Settlement Agreement. Subsequent to the motion, Patten again requested a protective order prohibiting Nave from engaging in additional discovery, which the family court denied and permitted discovery to continue. The family court scheduled the evidentiary hearing for June 3, 2022.

On May 10, 2022, prior to the hearing, Nave "stipulate[d] that at this time she is not able, from third-party discovery performed in 2022, to meet her burden of proof as set out in paragraph 2 of the Order entered of record on May 6, 2022 by this [c]ourt[.]" Paragraph 2 of the family court's May 6, 2022 order states that it is Nave's "burden to prove the allegations in her Motion that [Patten] failed to disclose all retirement and accounts that existed at the time the parties executed the Settlement Agreement and, if proven, the balance of same[.]" Record (R.) at 3531. Nave also moved to cancel the hearing in light of her stipulation.

Nearly a year later, on April 3, 2023, Nave filed a second motion for an evidentiary hearing and to have the Settlement Agreement set aside pursuant to CR 60.02. In this motion, Nave continued to argue the alleged Merrill Lynch accounts were not disclosed to her or traced to assets that were disclosed at the time of the parties' dissolution and, therefore, constitute fraud on the proceedings. At the hearing on the motion, Nave acknowledged she had received no additional

-6-

evidence proving the existence of these accounts since she filed her stipulation on May 10, 2022.

The family court entered an order on June 5, 2023, which denied Nave's most recent motion for an evidentiary hearing and to have the Settlement Agreement set aside. It determined Nave's motion was not filed within a reasonable time as CR 60.02(d) requires. Nevertheless, the family court proceeded to analyze the merits of both Nave's CR 60.02 motion and her motion to enforce the Settlement Agreement and determined her 2022 stipulation and her inability to discover evidence since her stipulation precluded relief under either motion. Additionally, the family court determined no party was entitled to attorneys' fees.

Nave now appeals.

The family court's ruling on Nave's motions is subject to two different standards of review. We review the denial of a CR 60.02 motion for abused of discretion. *Age v. Age*, 340 S.W.3d 88, 94 (Ky. App. 2011) (citing *Richardson v. Brunner*, 327 S.W.2d 572, 574 (Ky. 1959)). A trial court has abused its discretion if its ruling is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). "Moreover, the law favors the finality of judgments." *Age*, 340 S.W.3d at 94. Therefore, relief pursuant to CR 60.02 should be granted "only with extreme

caution and only under the most unusual and compelling circumstances." *Id.* (citation omitted).

As for motions to enforce settlement agreements, "[t]he terms of a settlement agreement set forth in a decree of dissolution of marriage are enforceable as contract terms." *Money v. Money*, 297 S.W.3d 69, 71 (Ky. App. 2009) (citing KRS[3] 403.180). Contract construction and interpretation is a matter of law and is therefore reviewed *de novo*. *Id.* (citing *Cinelli v. Ward*, 997 S.W.2d 474, 476 (Ky. App. 1998)).

The family court's analysis regarding Nave's CR 60.02 motion did not constitute an abuse of discretion. As for its determination that Nave did not file timely, the family court determined Nave filed the CR 60.02 motion pursuant to CR 60.02(d) rather than CR 60.02(c). A motion brought under the former must be brought "within a reasonable time" while the latter requires the motion to be brought "not more than one year after the judgment, order, or proceeding was entered or taken." *See* CR. 60.02. The family court acknowledged that Nave had filed her original CR 60.02 motion within months of finding the compact disc, and so that motion was timely. It also found her December 2021 motion for an evidentiary hearing was timely because the parties had engaged in discovery by court order up to that point.

---

[3] Kentucky Revised Statutes.

-8-

However, it then noted Nave canceled that hearing and stipulated she would not be able to meet her burden of proof following nearly two years of additional discovery between 2020 and 2022. It observed Nave had brought her subsequent motion – which presented the same arguments as her previous motion – nearly a year after her May 10, 2022 stipulation and that Nave had presented no evidence which she did not have in her possession at the time she made her stipulation. Because Nave discovered no new information since her stipulation and knew about the alleged fraud for years, the family court concluded Nave had not brought her motion within a reasonable time as CR 60.02(d) requires. We cannot say the family court abused its discretion in determining these extended delays rendered Nave's CR 60.02 motion untimely.

Neither can we say the family court abused its discretion in denying Nave's CR 60.02 or that it erred, under a *de novo* analysis, in denying Nave's pending motion to enforce paragraph 18 of the Settlement Agreement. The family court noted Nave's allegation that Patten had failed to disclose or adequately trace assets from the Merrill Lynch accounts formed the basis of both motions and that proving Patten had done so would provide relief under both. Because Nave had stipulated in 2022 that she was unable to prove the existence of these assets and because she admitted that she has not acquired any additional proof since that time, the family court concluded Nave was not entitled to an evidentiary hearing on

either motion. Under either applicable standard of review, we agree with the family court that Nave is not entitled to relief under either motion because of her 2022 stipulation.

On remand, we instructed the family court to determine whether Nave had filed her CR 60.02 motion under CR 60.02(c) or CR 60.02(d), whether she had timely filed her motion and, if so, whether Nave could meet her burden of demonstrating fraud affecting the proceedings to justify re-opening the parties' decree or setting the Settlement Agreement aside. *Patten*, 2019 WL 2157580, at *9. The family court satisfied this Court's mandate. Though it determined the CR 60.02 motion had not been filed timely, it addressed the merits of both Nave's CR 60.02 motion and her motion to enforce the Settlement Agreement. Because the family court followed our instructions on remand and did not commit reversible error in doing so, we affirm the ruling of the family court.

Based on the foregoing, we affirm the Fayette Family Court's June 5, 2023 Order Denying Motion for Evidentiary Hearing and to Set Aside Settlement Agreement.

ALL CONCUR.

-10-

BRIEFS FOR APPELLANT:                    BRIEF FOR APPELLEE:

Patricia A. Nave, *pro se*                    J. Ross Stinetorf
Lexington, Kentucky                      Lexington, Kentucky