RENDERED: OCTOBER 3, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1378-MR

DAKOTA MATHENY AND DONNA
BRUNER                                                                          APPELLANTS


                         APPEAL FROM WEBSTER CIRCUIT COURT
v.                       HONORABLE DANIEL M. HEADY, JUDGE
                         ACTION NO. 21-CI-00195


DAVID MATHENY                                                                     APPELLEE


                                        OPINION
                                       AFFIRMING

                                  ** ** ** ** **

BEFORE: CALDWELL, COMBS, AND EASTON, JUDGES.

COMBS, JUDGE: Donna Bruner and her son, Dakota Matheny, appeal from an

order of the Webster Circuit Court entered October 23, 2024. The trial court

rejected Donna's contention that she and her former husband, David Matheny

(Dakota's father), effectively modified the terms of their property settlement

agreement in order to benefit Dakota. The court also declined to enforce a written

instrument prepared by Dakota and signed by his father because -- among other

reasons -- it was not supported by consideration. Donna and Dakota contend that the trial court erred by failing to grant a judgment in their favor. After our review, we affirm.

In December 2021, Donna and Dakota filed a civil action against David in Webster Circuit Court. Donna and Dakota alleged that David breached his agreement to pay to Dakota one-half of the proceeds realized upon the sale of real property located on Oak Heights Jonestand Road in Dixon, Kentucky (the former marital home). David answered and denied the allegation.

On November 14, 2023, Donna and Dakota filed a motion for summary judgment. They argued that during negotiations to settle a division of the parties' marital property in 2016, David agreed with Donna that Dakota would receive Donna's one-half interest in the net proceeds of any future sale of the marital home. Donna and Dakota contended that this agreement was memorialized in a written document prepared by Dakota and executed by the parties some five years later. Following the sale of the real property in July 2021, David gave Dakota $8,000.00 -- less than one-quarter of what Dakota claims that he was entitled to receive. Donna and Dakota argued that pursuant to these facts, they were entitled to judgment as a matter of law.

On November 23, 2024, David filed a cross-motion for summary judgment. David explained that at the time of their divorce in 2016, he and Donna

-2-

owned the home on Oak Heights Jonestand Road. The terms of their written property settlement agreement, executed on April 1, 2016, provided that David would receive the real property (with equity of about $5,000) and that, despite the couple's perilous financial condition, he would make every effort to refinance the home loan and remove Donna as mortgagor. In exchange, Donna agreed to execute a quitclaim deed conveying her interest in the real property to David; and she did so on May 9, 2016.

The property settlement agreement provided that its terms "shall not be modified or changed except by mutual consent and agreement of the parties, expressed in writing." The agreement also bound the parties' assigns. It was accepted by the family court and made part of its decree of dissolution entered on April 14, 2016. David argued that the terms of the written property settlement agreement governed the parties' interest in the real property; that he had no agreement with Dakota to pay him one-half of the proceeds of the sale of the real property; and that Dakota was not otherwise entitled to any portion of the proceeds.

Following an evidentiary hearing, the Webster Circuit Court granted judgment in David's favor. The court concluded that no enforceable written agreement existed which purported to modify or alter the terms of the parties' 2016 property settlement agreement. Furthermore, it rejected the claim of Donna and

Dakota that a document drafted by Dakota and signed by the parties in 2021 entitled Dakota to receive "Donna's one-half of the sale proceeds." The court reasoned that neither Donna nor Dakota paid any consideration for David's promise to give Dakota a portion of the sale proceeds because Donna had no interest in the real property with which to bargain; and Dakota "gave up nothing, he paid nothing, and he did nothing, except extend his hand for payment of some amount to which he was not entitled under the law."

The trial court described the absence of any consideration as so "crystal clear" that it wondered why "such an arguably frivolous claim was ever filed." The court wrote as follows:

> Parties are nearly always free to negotiate and modify agreements without Court approval, however, finality in divorce proceedings have great value and the terms generated, adopted and ordered from [*sic*] those hard fought, stressful and intense proceedings should not be undone on a hope and a prayer but only by substantial evidence and clear agreement of the parties in writing, none of which was present in this case. . . .
>
> There was little to no equity in this property at the time of the divorce and the ownership of the property was as much a liability as an asset, which is no doubt why Donna quickly executed that quitclaim deed in 2016 following the divorce as she wanted to rid herself of the property and associated debt. David paid all the costs, taxes, insurance, and upkeep on the property following the divorce. He assumed all the risk. . . . Ultimately, David paid off the marital debt that he agreed to pay during the divorce settlement, which is all that Donna wanted and asked for at the time of the divorce. Since

2016, nothing has changed or been modified that would alter this agreement.

On appeal, Donna and Dakota contend that they are entitled to judgment as a matter of law. We disagree.

The parties agree that a property settlement agreement is governed by contract principles. *See* Kentucky Revised Statute (KRS) 403.180(5); *Money v. Money*, 297 S.W.3d 69, 71 (Ky. App. 2009); *Frear v. P.T.A. Indus., Inc.*, 103 S.W.3d 99, 105 (Ky. 2003). They also agree that the interpretation of a contract is a matter of law and is reviewed by this Court *de novo. Money*, *supra*, at 71; *Cinelli v. Ward*, 997 S.W.2d 474, 476 (Ky. App. 1998). Accordingly, we have reviewed the agreement anew, affording the trial court no deference as we must.

"The primary object in construing a contract or compromise settlement agreement is to effectuate the intentions of the parties." *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 384 (Ky. App. 2002). "Any contract or agreement must be construed as a whole, giving effect to all parts and every word in it if possible." *City of Louisa v. Newland*, 705 S.W.2d 916, 919 (Ky. 1986). Where the contract terms are unambiguous, the parties' intentions are discerned from the four corners of the instrument without resort to extrinsic evidence. *Wagner v. Wagner*, 563 S.W.3d 99, 103 (Ky. App. 2018).

We agree with David that the terms of the negotiated property settlement agreement -- accepted by the family court and incorporated into its

decree dissolving the marriage -- are patently clear. The provisions of the parties' agreement could not be modified except by mutual consent, expressed in writing. Nevertheless, Donna contends in her brief that separate and apart from the written agreement accepted by the family court, she and David agreed (albeit *verbally*) that Dakota would have an option to purchase the marital home in exchange for a payoff of the mortgage. Donna also contends that "technically, there was an agreement at one time to pay Dakota one-half of the net proceeds from the sale." Donna concedes that these arrangements were not included in the parties' property settlement agreement.

An alleged separate, oral agreement is expressly prohibited by the terms of the court's decree. Furthermore, David has consistently denied that he ever had a discussion with Donna following the divorce about Dakota's receiving some portion of the net proceeds of the sale of the former marital home.

The fundamental elements of a valid contract are offer and acceptance, full and complete terms, and consideration. *Waggoner v. Waggoner*, 644 S.W.3d 548, 552 (Ky. App. 2022). "For the terms to be considered complete they must be 'definite and certain' and must set forth the 'promises of performance to be rendered by each party.'" *Energy Home, Div. of Southern Energy Homes, Inc. v. Peay*, 406 S.W.3d 828, 834 (Ky. 2013) (citations omitted).

We agree with the trial court that the alleged oral agreement cannot be

enforced under the circumstances.  Therefore, it follows that the written instrument

prepared by Dakota years later and purportedly binding David to pay an undefined

sum described only as "Dakota Matheny's portion of the check" is equally

unenforceable.

The order of the Webster Circuit Court is affirmed.


ALL CONCUR.



BRIEF FOR APPELLANT:          BRIEF FOR APPELLEE:

William Clint Prow              James F. Greene
Providence, Kentucky           Madisonville, Kentucky